No. 2--05--0381                                         filed:

11/2/06

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| In re MARRIAGE OF DINO A. CAPITANI, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Petitioner-Appellee and Cross-Appellant, | ) ) ) ) | |
| and | ) ) | No. 03--D--944 |
| JO ELLYN L. CAPITANI, | ) ) ) | Honorable |
| Respondent-Appellant and Cross-Appellee. | ) ) ) | Stephen Sullivan, Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

This appeal comes before the court on respondent Jo Ellyn Capitani's notice of appeal filed on April 20, 2005, in which she claims the trial court erred and abused its discretion in the entry of its March 22, 2005, judgment order. Respondent asserts that this matter was brought as an appeal from a final judgment, pursuant to Supreme Court Rules 301 and 303(a) (155 Ill. 2d Rs. 301, 303(a)) and article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, §6 ), which would vest this court with jurisdiction to determine the issues presented for our review.

Petitioner filed a motion to dismiss the appeal, to which respondent filed an objection. We determine that this court does not have jurisdiction and grant petitioner's motion to dismiss the appeal.

The trial court entered an order on March 7, 2005, that addressed many of the issues in dispute in the dissolution action. In paragraph 2 of its letter of opinion, dated March 7, 2005, the trial court noted that joint custody of the parties' two minor children should be awarded to the parties, with respondent as the primary residential custodian. The trial court outlined general parameters for a contemplated joint parenting order, but did not make specific provisions. Petitioner's attorney was directed to prepare the judgment and respondent's attorney to prepare "any other necessary documents."

A judgment for dissolution of marriage was entered on March 22, 2005. The judgment incorporated the trial court's letter of opinion by reference and recited that joint custody was awarded. However, the judgment did not contain any specifics regarding the provisions of joint custody. The judgment stated that the court "reserves jurisdiction over this cause for the purposes of entering a joint parenting order incorporating a joint parenting agreement to be prepared and submitted to this court by the parties."

We determine that the reservation of jurisdiction for the purpose of entering a joint parenting order clearly shows that not all of the issues in dispute were fully addressed and settled by the March 22, 2005, judgment order. Thus, the March 22, 2005, order was not final and appealable. As petitioner noted in his motion to dismiss the appeal, the joint parenting order, which did in fact contain specific provisions regarding custody, was not entered in the trial court until July 1, 2005. We consider the trial court's reservation of jurisdiction significant because we do not consider the entry of a joint parenting order to be "incidental" to the final judgment.

The statutorily required provisions for a joint custody order underscore the importance of a joint parenting order (whether based upon agreement or hearing on the

merits) that is specific and clear in order that it be a final disposition, capable of being interpreted and enforced.

"Such [joint parenting] [a]greement shall <u>specify</u> each parent's powers, rights and responsibilities for the personal care of the child and for major decisions such as education, health care, and religious training. The [a]greement shall further <u>specify</u> a procedure by which proposed changes, disputes and alleged breaches may be mediated or otherwise resolved and shall provide for a periodic review of its terms by the parents. ***

(c) The court may enter an order of joint custody if it determines that joint custody

would be in the best interests of the child, taking into account the following:

* * *

(3) all other factors which may be relevant to the best interest of the child."

(Emphases added.) 750 ILCS 5/602.1(b), (c) (West 2004).

The order specifying the nature and extent of visitation for the nonresidential parent here was not realized until July 1, 2005, and therefore was not final and appealable prior to July 1, 2005. We further believe that the joint parenting order is of utmost importance because it embodies the agreement between the parties as to the most important aspect of the marriage and subsequent dissolution, the custody and care of their minor children. It is problematic to conclude that a joint parenting order that is incapable of being enforced is "incidental" to the final judgment. A " 'mandate of the court must be clear before disobedience can subject a person to punishment.' " <u>Doe v. Lutz</u>, 253 Ill. App. 3d 59, 65 (1993), quoting <u>People v. Wilcox</u>, 5 Ill. 2d 222, 228 (1955). "To support a finding of

contempt, the order must be 'so specific and clear as to be susceptible of only one interpretation.' [Citation.] 'It [the order] must not only be capable of reasonable interpretation, but that interpretation must be to the exclusion of other reasonable interpretations; it must be unambiguous.' [Citation.]" In re Marriage of Steinberg, 302 Ill. App. 3d 845, 853 (1998).

Without such clarity, a joint parenting order is not only unenforceable, it is unreviewable in any meaningful sense. Were a party to appeal such a nondescript order, as in this case, the reviewing court would be hard-pressed to consider the merits of the appeal. We believe that the dissent does not understand the difficult complications such lack of clarity causes for purposes of review and enforcement of custody and visitation rights.

A petition for dissolution of marriage advances a single claim, that is, a request for an order dissolving the parties' marriage. In re Marriage of Leopando, 96 Ill. 2d 114, 119 (1983). The other issues in a dissolution case, including custody and support, "do not represent separate, unrelated claims; rather, they are separate issues relating to the same claim." (Emphasis in original.) Leopando, 96 Ill. 2d at 119. All issues, including visitation, must be resolved before a judgment becomes a final and appealable order. In re Marriage of Watling, 183 Ill. App. 3d 18, 21-22 (1989). Stated differently, a judgment that does not reserve any issues for later determination is final and appealable. In re Marriage of Sassano, 337 Ill. App. 3d 186, 192 (2003).

Because not all issues in controversy were adjudicated by the March 22, 2005, judgment order, the order was not final and appealable and we lack jurisdiction to consider this appeal. Supreme Court Rule 303(a)(1) states that a notice of appeal must be filed

within 30 days of the entry of the final judgment appealed from (or within 30 days after entry of an order disposing of a timely posttrial motion directed against the judgment) (155 Ill. 2d R. 303(a)(1)). Jurisdiction is conferred upon this court only through the timely filing of a notice of appeal, following a final judgment order. In re Application of County Treasurer, 214 Ill. 2d 253, 261 (2005). We must grant petitioner's motion to dismiss the appeal.

Petitioner filed a cross-appeal. However, he stated in his brief that he has chosen not to presently argue the issues raised in the cross-appeal. Thus, we determine that he has abandoned his cross-appeal. Furthermore, because we do not have jurisdiction over the original appeal, we do not have jurisdiction over the cross-appeal. Supreme Court Rule 303(a)(3) allows a cross-appeal only if the notice of the cross-appeal is filed within 10 days of a timely filed original notice of appeal or within 30 days of the final and appealable judgment. Neither factual scenario exists here.

In conclusion, because we do not have jurisdiction over the original appeal or the cross-appeal, we grant petitioner's motion to dismiss the original appeal, and we dismiss the cross-appeal sua sponte.

Appeal dismissed.

HUTCHINSON, J., concurs.

JUSTICE GILLERAN JOHNSON, dissenting:

The trial court's March 22, 2005, order, from which the respondent filed a timely notice of appeal, was a final order. An order is final for purposes of review where matters left for future determination are merely incidental to the ultimate rights that have been adjudicated by the judgment or decree. In re D.D., 212 Ill. 2d 410, 418 (2004); Deckard v. Joiner, 44 Ill. 2d 412, 416 (1970).

In its March 22, 2005, judgment for dissolution of marriage, the trial court awarded joint legal custody to the parties, designated the respondent as the primary residential custodian, and reserved jurisdiction "for the purposes of entering a Joint Parenting Order incorporating a Joint Parenting Agreement to be prepared and submitted to this Court by the parties." Additionally, the trial court incorporated the findings it had made in a March 7, 2005, opinion letter into the March 22 dissolution judgment. In the second paragraph of those findings, the trial court stated that "[t]he parenting time of the [petitioner] shall be liberal and in accord with the usual and customary schedule. *** The parties shall provide a framework in the judgment for such parenting time keeping in mind the spirit of this decision."

By incorporating this finding, the judgment for dissolution of marriage not only awarded joint legal custody to the parties, with the respondent designated as the primary residential custodian, but also awarded the petitioner the "usual and customary" visitation. Accordingly, the dissolution judgment was a final adjudication of all the parties' rights and was thus a final order. The joint parenting agreement merely set forth the "usual and customary" visitation schedule. Specifically, the joint parenting agreement incorporated into the July 1, 2005, joint parenting order indicates that the parties shall share responsibility for and jointly make decisions affecting the best interests of the children on issues involving health, education, religion, and welfare. Additionally, the agreement grants the petitioner visitation on alternating weekends, Wednesday evenings, alternating holidays, and four weeks during the children's summer vacation from school. Accordingly, the joint parenting agreement merely recited the standard visitation schedule. See In re

Marriage of Collingbourne, 204 Ill. 2d 498, 501 (2003) (joint parenting agreement provided visitation to noncustodial parent every other weekend and alternate holidays); In re Parentage of Tavares, 363 Ill. App. 3d 964, 966 (2006) (joint custody agreement provided noncustodial parent with visitation on every other weekend, on every other holiday, and for four weeks during the summer); DeBilio v. Rodgers, 337 Ill. App. 3d 614, 615 (2002) (joint custody order granted noncustodial parent visitation every other weekend, every Tuesday evening, and various holidays); In re Marriage of Ludwinski, 312 Ill. App. 3d 495, 497 (2000) (joint custody order granted noncustodial parent visitation on alternate weekends, one day midweek, eight weeks during the summer, and various holidays); In re Marriage of Kartholl, 143 Ill. App. 3d 228, 230 (1986) (joint custody order granted noncustodial parent visitation on alternating weekends, holidays, and four weeks during the summer); Kraft v. Kraft, 108 Ill. App. 3d 590, 591 (1982) (joint custody agreement specified that noncustodial parent would receive visitation every other weekend, every Tuesday afternoon, four weekends during the child's summer vacation, and alternate holidays). Under these facts, the judgment for dissolution of marriage was a final order.

Such a determination is not contrary to our supreme court's policy, set forth in Leopando, that discourages piecemeal appeals in marital dissolution proceedings. In the present case, the trial court's reservation of the right to enter the joint parenting agreement was merely incidental to the ultimate rights adjudicated by the dissolution judgment. See In re D.D., 212 Ill. 2d at 418. In the judgment for dissolution, the trial court ordered that the parties be awarded joint custody of their children and that the parenting time of the petitioner be liberal and in accord with the usual and customary schedule. Additionally, the trial court made determinations as to the distribution of marital assets, child support, and

maintenance. Based on the trial court's order, it is clear that custody, visitation, and all other remaining issues had been resolved. Moreover, the fact that the entry of the joint parenting order was merely incidental to the rights adjudicated by the dissolution judgment is supported by the fact that the petitioner admitted at trial that custody was not at issue in this case.

The majority reasons that the March 22, 2005, dissolution order cannot be considered final and appealable because it is allegedly unclear and insufficient to support a contempt finding. The majority's conclusion is flawed. There is no case law to support the majority's proposition that an order is not final unless it is sufficient to support a contempt finding. Furthermore, contempt is not an issue in this case. In addition, the March 22 dissolution order was enforceable. The case law set forth above is quite clear as to what a usual and customary visitation schedule entails. Moreover, in ordering that the parenting time of the petitioner be "liberal and in accord with the usual and customary schedule," the trial court specifically instructed the parties that their joint parenting agreement was to "provide a framework *** for such parenting time keeping in mind the spirit of this decision." As such, the trial court was quite clear as to the scope of the visitation schedule that was to be set forth in the joint parenting agreement. Accordingly, the trial court's determination as to the rights of the parties concerning custody and visitation was clear for purposes of review and enforcement.

As such, the March 22, 2005, order was final because jurisdiction was not retained for the determination of a matter of substantial controversy. Unlike in Leopando, matters were not reserved for future consideration or adjudication by the trial court. The trial court adjudicated all issues in the dissolution judgment. The trial court specifically granted usual

and customary visitation to the petitioner. The joint parenting agreement merely put into legalistic form what the trial court had already awarded in general terms. Additionally, it is important to note that the respondent raises meritorious arguments on appeal. The record reveals that the trial court erred in its distribution of the marital assets and in its determination of child support. In determining that we are without jurisdiction to hear this appeal, the majority denies the respondent substantial justice. Accordingly, I dissent from the majority's erroneous and inequitable decision that this court lacks jurisdiction to consider the merits of the respondent's appeal.