No. 2--06--0363        Filed: 6-5-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the Circuit Court |
| DAVID MICHAEL WADDICK, | ) | of Kane County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 01--D--606 |
| | ) | |
| DAWN MARIE WADDICK, | ) | Honorable |
| | ) | Joseph M. Grady, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

This appeal arises from proceedings in the circuit court of Kane County for the dissolution of the marriage of petitioner, David Michael Waddick, and respondent, Dawn Marie Waddick. Dawn argues on appeal that the trial court placed too low a value on an item of marital property--a two-unit apartment building--that was awarded to David. We do not address the issue, however, because we conclude that this appeal must be dismissed for lack of jurisdiction.

David filed his petition for dissolution of marriage on May 3, 2003, and the matter proceeded to a bench trial that concluded on September 22, 2004. On September 2, 2005, the trial court issued a written decision ruling on the contested matters in the case, including custody of the parties' children, child support, visitation, the disposition of marital property, maintenance, and attorney fees. The trial court found that the parties were "able to agree on matters regarding the children and that each is a fit and proper person to have custody of the children." Although the trial court did not

order either party to prepare a judgment of dissolution, its written decision stated, "A Joint Custody Order will be entered by the Court, either as agreed by the parties or otherwise."

On October 3, 2005, Dawn filed a motion to reconsider the trial court's decision. An agreed order entered on October 31, 2005, set the case for "Hearing on Motion to Reconsider <u>and Entry of Judgment</u>" (emphasis added) on November 23, 2005. The trial court subsequently continued the matter to November 29, 2005. On that date, the trial court entered a judgment of dissolution. Among other things, the judgment provided that the parties would have joint custody of the children and it outlined their rights and responsibilities with regard to the children. The trial court did not rule on the motion to reconsider, and Dawn later served David with notice that she would appear before the court and request entry of an order on that motion. On March 1, 2006, the trial court entered an order denying the motion to reconsider. Dawn filed her notice of appeal on March 31, 2006.

On June 6, 2006, a motion to dismiss the appeal for lack of jurisdiction was filed by David, prior to the appeal being fully briefed. On July 21, 2006, the motion to dismiss was denied by a panel of this court hearing motions. In 2007, when fully briefed, the appeal was randomly assigned to a new panel for disposition. Although the motion panel denied the motion to dismiss, this panel has an independent duty to determine whether we have jurisdiction and to dismiss an appeal if we do not. <u>Ferguson v. Riverside Medical Center</u>, 111 Ill. 2d 436, 440 (1985); <u>Hwang v. Tyler</u>, 253 Ill. App. 3d 43, 45 (1993) (the denial of a motion to dismiss an appeal prior to briefing and argument is not final and may be revised at any time before the disposition of the appeal). This court's jurisdiction extends only to appeals from final judgments unless the appeal is within the scope of one of the exceptions established by our supreme court permitting appeals from interlocutory orders in

certain circumstances. Puleo v. McGladrey & Pullen, 315 Ill. App.3d 1041, 1043 (2000). None of the exceptions apply here.

Supreme Court Rule 303(a) (210 Ill. 2d R. 303(a)) provides, in pertinent part, that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." In determining whether we have jurisdiction, we must first ascertain when the final judgment was entered. On September 2, 2005, the trial court issued a written decision that did not specifically call for the entry of a separate judgment of dissolution. The decision did indicate, however, that a separate joint custody order would be entered. Under section 602.1(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/602.1(b) (West 2004)), joint custody means "custody determined pursuant to a Joint Parenting Agreement or a Joint Parenting Order." A divided panel of this court has recently held that a judgment of dissolution that reserves jurisdiction for entry of a joint parenting order is not final and appealable until the joint parenting order is entered. In re Marriage of Capitani, 368 Ill. App. 3d 486 (2006). The dissent in Capitani reasoned that the judgment of dissolution was final and appealable because the joint parenting order--which merely established a visitation schedule and gave the parties joint responsibility for major decisions affecting the children--was incidental to the judgment of dissolution and did not involve any matter of substantial controversy. Capitani, 368 Ill. App. 3d at 491 (Gilleran Johnson, J., dissenting).

Pursuant to the majority opinion in Capitani, the trial court's September 2, 2005, written decision cannot be considered a final judgment. A joint parenting agreement or order must "specify

each parent's powers, rights and responsibilities for the personal care of the child and for major decisions such as education, health care, and religious training," and must also "specify a procedure by which proposed changes, disputes and alleged breaches may be mediated or otherwise resolved and shall provide for a periodic review of its terms by the parents." 750 ILCS 5/602.1(b) (West 2004). The written decision set forth a visitation schedule and determined child support. However, it did not contain the provisions set forth in section 602.1(b) of the Act. In contrast, the judgment of dissolution entered on November 29, 2005, contained provisions substantially conforming to the requirements of section 602.1(b). The judgment of dissolution not only addressed visitation and child support, but it also provided, inter alia, that each parent would foster the children's respect, love, and affection for the other parent; that each parent would refrain from disparaging the other parent in the children's presence; that Dawn would advise David of the children's progress in school and the status of their physical and emotional health; that Dawn would give David access to the children's medical, dental, and school records; that each parent would have the right to make "day-to-day" decisions concerning the children while the children were in that parent's home; that each parent could take the children out of the state for vacations; and that the parties would mediate disputes regarding any major decision affecting the custody, control, medical or dental care, or education of the children. We recognize that the judgment of dissolution may have been wanting in some respects: for instance, it lacks any mechanism for reviewing or modifying, or redressing breaches of, the joint parenting provisions. However, it does not appear that the trial court contemplated entry of any further orders regarding joint custody. Thus, the judgment of dissolution entered on November 29, 2005, was the final judgment in this case.

Dawn did not file a notice of appeal within 30 days after entry of the judgment of dissolution. Rather, she filed her notice of appeal within 30 days after the trial court denied her motion for reconsideration. As noted, when a timely postjudgment motion has been filed, the notice of appeal must be filed within 30 days after entry of the order disposing of the postjudgment motion. Here, however, Dawn's motion to reconsider does not qualify as a timely postjudgment motion. Under section 2--1203(a) of the Code of Civil Procedure (735 ILCS 5/2--1203(a) (West 2004)), postjudgment motions in nonjury cases must be filed within 30 days after entry of the judgment. Although Dawn's motion to reconsider was filed within 30 days after the trial court's written decision, it was filed before the entry of the final judgment. Accordingly, the motion could not extend the time for filing the notice of appeal. In re Marriage of Porter, 229 Ill. App. 3d 697, 705 (1992). We further note that in order to qualify as a postjudgment motion for purposes of Rule 303(a), a motion must be directed against the judgment. Magee v. Garreau, 332 Ill. App. 3d 1070, 1072-73 (2002). Dawn's motion was directed against the trial court's written decision, not its judgment (which had yet to be entered when Dawn filed her motion). Because Dawn's motion to reconsider did not qualify as a timely postjudgment motion for purposes of Rule 303(a), it did not extend the time for filing her notice of appeal. Accordingly, Dawn's notice of appeal was untimely.

For the foregoing reasons, we dismiss this appeal.

Appeal dismissed.

BYRNE, J., concurs.

JUSTICE GILLERAN JOHNSON, specially concurring:

Though I agree with the majority's determination that this appeal must be dismissed for lack of jurisdiction, I disagree with the majority's analysis in reaching that result and, therefore, I specially

concur. In the present case, the September 2, 2005, written decision was in essence a decision letter and nothing more than an interim decision. The September 2, 2005, order was not written as a final judgment for dissolution of marriage. This interim decision order served an informational purpose to decrease the inherent anxiety in waiting for the final judgment for dissolution of marriage. Although the trial court did not specifically call for the entry of a separate judgment of dissolution, it is clear that the trial court did not intend the September 2, 2005, order to be the final judgment for dissolution of marriage. It was not labeled as a judgment for dissolution of marriage and it was not written as if the trial court were officially entering any findings and orders. The trial court did not enter a judgment for dissolution of marriage that included its findings and orders until November 29, 2005. As such, the November 29, 2005, judgment for dissolution of marriage was the final order. Consequently, Dawn's motion to reconsider does not qualify as a timely postjudgment motion.

My determination here is not in conflict with my determination in Capitani. In Capitani, the trial court had entered its final judgment for dissolution of marriage on March 22, 2005. Capitani, 368 Ill. App. 3d at 487. Although the trial court had indicated that a joint parenting order would follow, it was readily apparent that under the circumstances in that case, the March 22, 2005, judgment for dissolution of marriage was the final order. Capitani, 368 Ill. App. 3d at 490-91 (Gilleran Johnson, J., dissenting). In Capitani, a joint parenting order was subsequently entered on July 1, 2005. Capitani, 368 Ill. App. 3d at 487. In the present case, the trial court entered its final judgment for dissolution of marriage on November 29, 2005. This was the final order. As such, the trial court's interim order on September 2, 2005, is irrelevant to this court's determination as to whether we have jurisdiction over Dawn's appeal. Accordingly, despite the majority's contention to the contrary, the facts in this case are not analogous to those in Capitani. I therefore specially concur.