# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Estate of Doman*, 2012 IL App (4th) 120123

---

| | |
|---|---|
| Appellate Court Caption | In re: the Estate of Mark Doman, Deceased, SARA DOMAN, Petitioner-Appellant, v. AIMEE DOMAN, Respondent-Appellee, and BETHANY DOMAN, Respondent. |
| District & No. | Fourth District<br>Docket No. 4-12-0123 |
| Filed | October 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where decedent died shortly after a judgment was entered dissolving his marriage to petitioner but before a hearing could be held on the ancillary issues, a probate court's order finding that petitioner was not decedent's surviving spouse and naming decedent's daughters as his sole heirs was reversed and petitioner was restored to the position she would have occupied if she had never filed a petition to dissolve her marriage, since a dissolution judgment is not final until all ancillary issues are resolved, and the dissolution court dismissed petitioner's dissolution action after learning of decedent's death. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-P-280; the Hon. Charles McRae Leonhard, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

John T. Phipps (argued), of John T. Phipps Law Offices, P.C., of Champaign, for appellant.

Michael J. Tague (argued), of Flynn, Palmer, Tague, Lyke & Jacobson, of Champaign, for appellee.

Panel

JUSTICE McCULLOUGH delivered the judgment of the court, with opinion.

Justices Appleton and Pope concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner, Sara Doman, appeals from an order of the probate court finding she was not the surviving spouse of Mark Doman (decedent) and naming respondents, Aimee Doman (Aimee) and Bethany Doman, as the sole heirs of decedent. We reverse and remand with directions.

¶ 2    Petitioner and decedent were married on April 16, 1994, in Urbana, Illinois. No children were born to the parties as a result of this marriage. However, decedent adopted the two children of petitioner from a previous marriage, respondents Aimee and Bethany Doman.

¶ 3    On January 11, 2011, petitioner filed her petition for dissolution of the parties' marriage. Following a hearing on June 10, 2011, the trial court entered a written dissolution judgment on grounds only and reserved ruling on the ancillary issues. Both petitioner and decedent were represented by counsel in the divorce proceeding. The court set a status hearing for July 11, 2011. Decedent died intestate on July 4, 2011.

¶ 4    In a docket entry dated July 5, 2011, the trial court stated: "Phone call received from [petitioner's counsel]. Suggestion of Death of the respondent. Cause set for 7/11/11 is vacated. Cause is dismissed." Nothing further appears of record concerning the dissolution proceedings had before the trial court.

¶ 5    On September 28, 2011, petitioner filed a petition in the probate division of the circuit court of Champaign County stating the parties' divorce proceedings were dismissed on July 5, 2011, and she was decedent's surviving spouse. Petitioner sought appointment as administrator of decedent's estate. On October 13, 2011, Aimee filed a response to petitioner's petition and a counterpetition for probate and appointment of administrator of decedent's estate. Aimee argued the July 2011 dissolution judgment on grounds only was a final judgment because it contained a written finding of appealability (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)).

¶ 6       On January 10, 2012, the probate court entered a memorandum of opinion and order finding the July 5, 2011, order in the dissolution proceedings provided only for the dismissal of the reserved ancillary issues and did not undermine the validity of the dissolution judgment on grounds only. Accordingly, the probate court found petitioner was not an heir at law of decedent. In an agreed order filed January 27, 2012, the probate court appointed Aimee and Bethany Doman, daughters of decedent, to serve as coadministrators of his estate.

¶ 7       This appeal followed.

¶ 8       Petitioner appeals only from the January 10, 2012, probate court order. The principal dispute raised on appeal before this court is the nature of the July 2011 dismissal order entered in the dissolution proceedings. As stated, the order states: "Phone call received from [petitioner's counsel]. Suggestion of Death of the respondent. Cause set for 7/11/11 is vacated. Cause is dismissed." Petitioner and Aimee draw two different conclusions from what the order states and fails to state. Specifically, petitioner argues the trial court dismissed the dissolution proceeding in its entirety and, therefore, the parties were placed in the same position as if the proceedings were never initiated. Aimee argues the dissolution court dismissed only the reserved ancillary issues. When it is necessary to construe a trial court order, it should be interpreted in the context of the record of proceedings and the situation that existed at the time of its rendition. *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 586, 566 N.E.2d 291, 293 (1990). Unfortunately, in this case there is no record of a hearing at which the court ordered the dismissal since no hearing was conducted.

¶ 9       In the July 5, 2011, docket entry, the trial court acknowledged the death of decedent, vacated a status hearing set for July 11, 2011, and, further, dismissed the cause. No appeal of the dismissal order was filed by any party and no motion was filed with the court seeking to reinstate the case or seeking to vacate, modify, or correct the dismissal order. Respondents did not file a motion to intervene in the proceedings. We note the trial court is in the best position to interpret its own orders. *Wilson v. Humana Hospital*, 399 Ill. App. 3d 751, 762, 926 N.E.2d 821, 831 (2010). However, neither petitioner nor respondents in this case filed a motion to clarify the July 5, 2011, dismissal order with the trial court. Instead, petitioner secured new counsel and she and Aimee sought clarification of the dissolution order in the probate court. Under these circumstances, we interpret the trial court's order as a dismissal of the divorce proceeding in its entirety. To find otherwise would lead to the unjust result of depriving petitioner of both her marital right to a division of property in divorce and her spousal right to property under the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 to 30-3 (West 2010)).

¶ 10      In further support, a petition for dissolution advances a single claim, a request for dissolution of the parties' marriage. *In re Marriage of Leopando*, 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140 (1983). Therefore, issues raised in a dissolution-of-marriage case are ancillary to the cause of action, not separate claims. *Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140. A dissolution judgment is not final for purposes of appeal until all the ancillary issues have been resolved. *Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140. Stated differently, generally only a judgment that does not reserve any issues for later determination is final and appealable. *In re Marriage of Capitani*, 368 Ill. App. 3d 486, 488, 858 N.E.2d 547, 549 (2006).

¶ 11       Section 401(b) of the Illinois Marriage and Dissolution of Marriage Act explicitly authorizes a court to "enter a judgment for dissolution that reserves *** issues *** upon (i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist." 750 ILCS 5/401(b) (West 2010). This is known as a bifurcated judgment. See *In re Marriage of Kenik*, 181 Ill. App. 3d 266, 274-75, 536 N.E.2d 982, 987 (1989). Following a hearing on June 10, 2011, the trial court entered a written dissolution judgment on grounds only and reserved ruling on the ancillary issues. Aimee is correct that "[t]he death of a party subsequent to entry of a judgment for dissolution but before judgment on reserved issues shall not abate the proceedings." See 750 ILCS 5/401(b) (West 2010). However, a trial court retains authority to "set aside any final order or judgment upon any terms and conditions that shall be reasonable" within 30 days of judgment. See 735 ILCS 5/2-1301(e) (West 2010).

¶ 12       Because we interpret the trial court's July 2011 order as a dismissal of the divorce proceeding in its entirety, we find petitioner restored to the same position as if she had never filed the petition for dissolution of the parties' marriage. Petitioner is decedent's surviving spouse within the meaning of the Probate Act and entitled to a surviving spouse's share of his estate.

¶ 13       Petitioner did not appeal the agreed order filed January 27, 2012, appointing Aimee and Bethany Doman, daughters of decedent, to serve as coadministrators of his estate and, therefore, we do not address appointment of administrators.

¶ 14       For the reasons stated, we reverse the Champaign County probate court's judgment and remand for further proceedings consistent with our decision set forth above.

¶ 15       Reversed and remanded with directions.