**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210020-U

Order filed January 12, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | Appeal from the Circuit Court |
| A.Q., M.H., L.H., K.W-E, | ) | of the Tenth Judicial Circuit, |
| | ) | Tazewell County, Illinois. |
| Minors | ) | |
| | ) | |
| (PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal No. 3-21-0020, 3-21-0021, 3- |
| Petitioner-Appellant, | ) | 21-0022, & 3-21-0023 |
| | ) | Circuit Nos. 19-JA-310, 20-JA-60, |
| v. | ) | 19-JA-84, & 20-JA-85 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CHILDREN SERVICES, | ) | |
| | ) | The Honorable |
| Respondent-Appellee). | ) | James A. Mack, |
| | ) | Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justice Schmidt and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The State's appeal is dismissed for lack of jurisdiction.

¶ 2        After filing petitions for adjudication of neglect in the cases of A.Q., L.H., M.H., and

K.W., the State filed a motion in each of the cases to remove FamilyCore, Inc. as the agency

designated by the Department of Children and Family Services (DCFS). After an evidentiary hearing, the juvenile court for Tazewell County denied the motion without prejudice and instructed the parties that the State could file a new motion in each case if the facts on the merits had changed since its ruling. The State appeals the court's denial, requesting that we resolve the consolidated cases on the merits of the motion. For the reasons that follow, we find we lack jurisdiction and dismiss this appeal.

¶ 3                                                              FACTS

¶ 4        In 2019, DCFS filed petitions requesting A.Q., L.H., M.H., and K.W. be adjudged neglected and made wards of the court. The juvenile court granted custody of the minors to DCFS, which in turn assigned FamilyCore, a private social services agency, to provide various services to the families. In July 2020, the State, joined by the guardians *ad litem* (GAL), filed nearly identical motions in each of the cases to remove FamilyCore as the provider. The motion was based on a May 22, 2020, order that the juvenile court had entered in a separate matter, *In re P.W.*, 2019-JA-229, removing FamilyCore from that case.

¶ 5        In the *P.W.* order, the court found that FamilyCore's caseworker, Kennedy Netters, had failed to discharge her duties by: providing inaccurate information and incredible testimony to the court, neglecting to perform necessary services, maintaining inaccurate and incomplete records and visitation logs, and improperly scheduling a visitation with the minor. Although it had ordered Netters' removal from the case in April 2020, she continued working on the case and filed a permanency report in May 2020. The court concluded that Michelle Clark, Netters' supervisor, had failed to supervise her and that FamilyCore's Child Welfare Director Melissa Borders indicated that Netters had been removed from the case but denied requests from the Court Appointed Special Advocates (CASA) and the GAL to meet with P.W.'s psychiatrist.

2

¶ 6    The court found that FamilyCore failed to (1) respond fully to the State's subpoena for documents, (2) oversee mental health services for the minor, (3) respond to issues raised by the GAL and CASA, (4) provide accurate and timely information to the court and other parties, and (5) train its employees on DCFS polices and their responsibilities. Based on its findings, the court cautioned that "without substantial systemic corrective processes being undertaken it appears FamilyCore's actions and inactions as brought out in this case may warrant their removal from all active juvenile abuse and neglect cases in Tazewell County upon proper motion and notice."

¶ 7    In its motions to remove FamilyCore, the State argued that removal was warranted based on the findings in *In re P.W.* The State alleged that neither it nor the GAL had received "any written information or confirmation *** that would substantiate corrective action" from FamilyCore. DCFS opposed the motion, arguing that the State alleged no facts showing that FamilyCore had failed to satisfy its duty in these cases. On August 27, 2020, the court held a joint hearing on the motions in all four cases. After taking judicial notice of the May 22 order in *In re P.W.*, the court heard testimony and arguments on the motions. On September 21, 2020, the court issued a single order denying all of the State's motions to remove FamilyCore from the neglect cases in Tazewell County, finding that the agency had "provided the framework to make substantial systemic corrective changes to [its] organization to remedy the issues brought up in [P.W.]." In particular, the court found that FamilyCore's chief executive, Ann Lading-Ferguson, "testified generally about the increased and refocused" training of caseworkers and supervisors, including ethics training, and increased communication between FamilyCore and other parties. The court further found that she "explain[ed] how the Action Plan translated into actual practice

3

regarding" oversight of casework and compliance with the Juvenile Court Act and DCFS policy and procedures.

¶ 8	Regarding the testimony presented at the hearing, the court stated:

> "That Family Core's credibility as an agency has not been completely rehabilitated and it is incumbent upon Family Core that it be diligent in its actions going forward. Family Core must ensure that such actions are up to the expected standards, and that Family Core show that it can be relied on to provide accurate complete, and truthful information to the court and parties moving forward."

The court then stated:

> "That at the hearing the movants witnesses brought out several matters that would make it appear that the desired changes have not yet occurred. There may be instances such as these that need to be addressed in any number of cases but cannot sustain the harm that would come to all children involved in Tazewell County Juvenile Court from a blanket order removing Family Core from all cases in Tazewell County."

¶ 9	The juvenile court issued the order "without prejudice," allowing the State to file "future motions to remove an agency or caseworker filed in individual cases, alleging case specific instance *** occurring after July 2020," which may require the removal.

¶ 10	On October 16, 2020, the State filed a motion to reconsider the court's decision and, if the motion was denied, moved for a finding under Rule 304(a) that there was no just reason to delay appeal of its decision. On December 3, 2020, while the State's motions were pending, the

4

court issued a dispositional order in *In re M.H.*, 2019-JA-60. On December 15, 2020, after holding a hearing, the court denied both of the State's motions. It, however, reaffirmed that the State could file future particularized motions to remove FamilyCore from specific cases.

¶ 11     The State filed its notices of appeal in the cases before us on January 14, 2020.

¶ 12                                    ANALYSIS

¶ 13     On appeal, DCFS argues that we lack jurisdiction to consider the merits of the issue presented. It asserts that the State's appeal is premature because the court's denial of the motions to remove FamilyCore as the service provider was not a final order and thus was not appealable. With regard to *In re M.H.*, DCFS argues that the jurisdiction is lacking in *In re M.H.* because the notice of appeal was untimely. For the reasons that follow, we agree that we lack jurisdiction and we dismiss the consolidated cases.

¶ 14                     A. Premature Filing of the Notices of Appeal

¶ 15     "Our jurisdiction is limited to review of appeals from final judgments unless otherwise permitted under Illinois Supreme Court rules or by statute." *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 9. A judgment (or order) is final if it terminates the litigation between the parties on the merits, and sets, fixes, or disposes of the rights of the parties, whether upon the entire controversy or upon some definite and separate part thereof, so that if the judgment is affirmed, the trial court need only execute it. *In re A.H.*, 207 Ill.2d 590, 594 (2003); *In re Curtis B.*, 203 Ill.2d 53, 59 (2002). "'The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.'" *Wilkey v. Illinois Racing Board*, 96 Ill.2d 245, 249 (1983) (quoting *Cory Corp. v. Fitzgerald*, 403 Ill. 409, 415 (1949)).

¶ 16        The order denying the State's motions to remove FamilyCore as the service provider does not terminate the litigation in the cases before us; it merely allows DCFS to proceed with FamilyCore as the service provider. The order also allows the State to file "future motions to remove [FamilyCore] in individual cases, alleging case specific instance[s] *** occurring after July 2020" which may require removal. It does not set, fix, or dispose of the respondents' rights. Nor does it resolve the entire controversy or any definite and separate part of the controversy. Therefore, the order is not final and appealable.

¶ 17        The State argues that appellate jurisdiction is warranted under Illinois Supreme Court Rule 307 because even if the order is not final an interlocutory appeal may be had. However, as it relates to juvenile cases, Rule 307 specifically grants a right to interlocutory appeals only from orders "terminating parental rights or granting, denying or revoking temporary commitment in adoption proceedings." Ill. S.Ct. R. 307(a)(6) (eff. Feb. 26, 2010). The order before us does not terminate the respective parental rights in each of the cases. Nor is this a case involving adoption proceedings. We also note that rule 307 imposes specific filing requirements for seeking interlocutory relief pursuant to its terms, none of which the State has satisfied. Rule 307 affords the State no relief.

¶ 18                    B. The Dispositional Order in *In Re M.H*

¶ 19        On December 3, 2020, after the order regarding FamilyCore was issued and while the State's motion for reconsideration was pending, the court issued a dispositional order in *In re M.H.* DCFS concedes that the State's notice of appeal in *In Re M.H.* was from a final order and, therefore, was not premature. However, it contends that appellate jurisdiction is still lacking because the notice of appeal was untimely. "[A] notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. Sup. Ct.

R. 303(a)(1). "The timely filing of a notice of appeal is both mandatory and jurisdictional." *Dus v. Provena St. Mary's Hosp.*, 2012 IL App (3d) 091064, ¶ 10. "[N]either a circuit court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court's rules." *Id.* An untimely appeal, therefore, must be dismissed for lack of jurisdiction. *Id.*

¶ 20 A post-judgment motion, such as a motion to reconsider, only tolls the time for filing a notice of appeal under Rule 301 when it is "directed against" the final judgment. Ill. Sup. Ct. R. 303(a)(1). However, to toll—or extend—the time for filing the notice of appeal, the post-judgment motion "in nonjury cases must be filed within 30 days *after* entry of the judgment." *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 707 (2007). As previously noted, the State filed its motion to reconsider on October 16, 2020, whereas the dispositional order in *In re M.H.* was issued on December 3, 2020. "Accordingly, the motion could not extend the time for filing the notice of appeal." *Id.*

¶ 21 Moreover, the State conceded that it did not file a post-judgment motion after the December 3, 2020 dispositional order because that order was not adverse to its interest in *In re M.H.* In short, the State contends that its October 16 motion was not directed against the dispositional order—an indispensable requirement of Rule 303(a). *Id.* Therefore, the State's notice of appeal in *In re M.H.* remains untimely under Rule 301 and cannot confer jurisdiction on this court.

¶ 22                                                    CONCLUSION

¶ 23 For the foregoing reasons, we lack jurisdiction to hear the State's appeal and it must be dismissed.

¶ 24 Appeal dismissed.

7