2023 IL App (2d) 210768-U
No. 2-21-0768
Order filed February 28, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ENVIRONMENTAL COMMUNITY DEVELOPMENT COMPANY, INC., d/b/a ECD COMPANY, INC., | ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-LM-2277 |
| TOMMY PAVLOV and ALL UNKNOWN OCCUPANTS, | ) ) ) ) | |
| Defendants | ) ) | Honorable Michael B. Betar |
| (Branco Dobobrov, Petitioner-Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly denied section 2-1401 petition challenging eviction order for lack of personal jurisdiction where petitioner failed to establish that he was a known occupant of the premises and that, therefore, substitute service for "unknown occupants" was invalid.

¶ 2    Plaintiff, Environmental Community Development Company, Inc., d/b/a ECD Company, Inc., filed a complaint under the Eviction Act (Act) (735 ILCS 5/9-101 *et seq*. (West 2018)) against its lessee, Tommy Pavlov, and unknown occupants of the premises that Pavlov rented. The court

awarded plaintiff possession of the premises and a monetary judgment against Pavlov. Later, petitioner, Branco Dobobrov, filed a "Petition to Quash Service," contending that the judgment against him was void. The trial court denied the petition. Petitioner appeals *pro se*. We affirm.

¶ 3                              I. BACKGROUND

¶ 4      We draw the following summary from the common-law record. Although the common-law record indicates that there were hearings in this case, there are no reports of proceedings in the record.

¶ 5      On December 5, 2019, plaintiff filed a "Complaint in Eviction" against Pavlov and "All Unknown Occupants." Plaintiff alleged that it was entitled to possession of an apartment on Parkway Drive in Lincolnshire (apartment). Plaintiff alleged that Pavlov, the sole lessee on the apartment lease, had unlawfully withheld possession and owed plaintiff $6,810.53 in rent. The summons likewise listed Pavlov and "All Unknown Occupants" as defendants.

¶ 6      On January 6, 2020, process server Robert Crowley filed two affidavits with the trial court. In one affidavit, Crowley averred that, on December 23, 2019, at 6:50 p.m., he personally served Pavlov at the apartment with a summons and complaint. In the other affidavit, Crowley averred that, on the same date and time at the apartment, he effected substitute service on "All Unknown Occupants." Specifically, Crowley averred:

    "I, Served the within named INDIVIDUAL on December 23, 2019 @ 6:50 p.m.

    *SUBSTITUTE SERVICE*: by leaving a copy of this process at his/her usual place of abode

    with [Pavlov]. (Title): *Co-Resident*, a person residing therein who is the age of 13 years

    or upwards and informed that person of the contents thereof and that further mailed [*sic*] a

    copy of this process *** addressed to the INDIVIDUAL at his/her usual place of abode on

    12/26/2019."

The summons gave an initial appearance date of January 13, 2020.

¶ 7    Eventually, Pavlov appeared. On December 14, 2020, the trial court ordered all occupants to vacate the premises by the end of the year and awarded plaintiff $54,220.21 against Pavlov. An eviction moratorium delayed the execution of the judgment.

¶ 8    On November 15, 2021, petitioner appeared and filed a "Petition to Quash Service." Attached to the petition was a "Landlord's Five Day's Notice" (five-day notice), which included an affidavit of service. The five-day notice was addressed to "Tommy Pavlov & All Unknown Occupants" at the apartment. In the affidavit of service, dated November 25, 2019, process server Michele Siegel averred that she served the five-day notice that day by delivering a copy to "Branco Pavlov [*sic*], a person above the age of 13 years, residing on or in charge of the above described premises."

¶ 9    Petitioner argued that plaintiff's service on December 23, 2019, did not comply with section 9-107.5(a) of the Act (735 ILCS 5/9-107.5(a) (West 2018)), which states:

    "Service of process upon an unknown occupant may be had by delivering a copy of the summons and complaint naming 'unknown occupants' to the tenant or any unknown occupant or person of the age of 13 or upwards occupying the premises."

¶ 10    Petitioner contended that, despite the misnomer "Branco Pavlov," the November 2019 affidavit of service gave plaintiff notice that petitioner resided at the apartment. Thus, when plaintiff later filed his complaint in December 2019, petitioner was not an "*un*known occupant" and plaintiff should have named petitioner and served him individually. Further, petitioner argued, even if he were an "unknown occupant," service was defective because the summons did not strictly follow section 9-107.5, which requires that the summons and complaint name "unknown

occupants," not "*all* unknown occupants" (emphasis added) as plaintiff's summons and complaint stated.

¶ 11    In response, plaintiff first contended that "the name of Branco Dobobrov was unknown to [p]laintiff until [the postjudgment action] and [p]laintiff had no reason to believe [that Branco Dobobrov] resided at [the apartment]." Second, the lease named only Pavlov, and petitioner had not alleged any possessory interest in the property. Third, even if petitioner had alleged such an interest, the service of process was sufficient to proceed against any party residing at the apartment whose name plaintiff did not know. Finally, there was no reason why "*all* unknown occupants" (emphasis added) was insufficient where "unknown occupants" was sufficient.

¶ 12    The trial court held for plaintiff and denied the petition. Petitioner appealed *pro se*.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, petitioner characterizes his petition as brought under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)). He states that we have jurisdiction of this appeal under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016), which allows an appeal from a judgment granting or denying any of the relief prayed for in a section 2-1401 petition. Plaintiff disputes petitioner's characterization of his petition, arguing that the petition nowhere references section 2-1401 and "fail[s] to meet any of the requirements [for] a section 2-1401 petition." Although plaintiff does not actually contend that we lack jurisdiction of this appeal, we have an independent duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 705 (2007).

¶ 15    We find that we have jurisdiction over this appeal. The character of a pleading depends on its substance, not its label. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). Petitioner's petition attacking the judgment was filed more than 30 days after the entry of the

judgment from which it sought relief. Thus, it is a section 2-1401 petition. See *id.* Also, plaintiff's conclusional assertion that the petition did not meet the requirements of section 2-1401 does not address our jurisdiction.

¶ 16 Plaintiff also contends that the judgment must be affirmed because petitioner has failed to provide a sufficient record to demonstrate trial-court error. Plaintiff notes that the record contains no report of any hearings, including when the trial court denied the petition. Plaintiff correctly notes that an appellant must provide a sufficient record on which to base a claim of error and that any doubts arising from the incompleteness of the record will be construed against the appellant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). However, we agree with petitioner that we can resolve the issues on appeal based on matters of record, *i.e.*, the pleadings and documents on file relating to the service of plaintiff's complaint on petitioner. Thus, we shall address the merits of the appeal.

¶ 17 Petitioner contends that the judgment against him is void because of improper service. Specifically, after plaintiff learned that the five-day notice was served on "Branco Pavlov," plaintiff could have ascertained petitioner's identity and then named him in the eviction complaint and served him personally. Instead, plaintiff named only Pavlov and "All Unknown Occupants" and personally served only Pavlov. Plaintiff responds that it fulfilled the service requirements, so the trial court acquired personal jurisdiction.

¶ 18 Whether the trial court had personal jurisdiction over petitioner is a question of law that we review *de novo*. See *White v. Ratcliffe*, 285 Ill. App. 3d 758, 764 (1996). Absent waiver, personal jurisdiction can be acquired only by service of process in the manner directed by statute. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986).

¶ 19 As noted, section 9-107.5(a) of the Act states:

"Service of process upon an unknown occupant may be had by delivering a copy of the summons and complaint naming 'unknown occupants' to the tenant or any unknown occupant or person of the age of 13 or upwards occupying the premises." 735 ILCS 5/9-107.5(a) (West 2018).

The summons and complaint named Pavlov and "All Unknown Occupants" as defendants. Also, Crowley's affidavits established that plaintiff did what section 9-107.5(a) required to obtain personal jurisdiction over petitioner, an "unknown occupant."

¶ 20    Petitioner argues, however, that service was improper because petitioner was not an "unknown occupant" when Crowley served Pavlov. Petitioner points to Siegel's affidavit, which states that, on November 29, 2019, she delivered a copy of the five-day notice to "Branco Pavlov [*sic*], a person above the age of 13 years, residing on or in charge of the above described premises." Petitioner reasons that, despite the misnomer, Siegel's affidavit established that, when the complaint and summons were served 28 days later, petitioner was a known occupant and, therefore, should have been named in the complaint and served personally.

¶ 21    Petitioner's contention—that he was a known occupant when process was served—is not supported by the record. The person who served the five-day notice recorded the name "Branco Pavlov," but plaintiff was not made aware that anyone named "Branco Dobobrov" resided at the premises. Petitioner received substitute service per the Act.

¶ 22    In contending that service was improper, petitioner relies on a case involving the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 1992)), *Applegate Apartments, Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433 (1995). As we explain, this case does not apply here.

¶ 23     In *Applegate Apartments*, the owner of an apartment complex executed a mortgage in 1986 with a lender. *Id.* at 435-36. Later, the owner leased a laundry room to Commercial Coin Laundry Systems, Inc. (Commercial Coin). *Id.* at 436. The lease was not recorded, but Commercial Coin posted information in the laundry room disclosing that it owned the equipment. *Id.* In March 1992, the mortgagee filed a foreclosure action. *Id.* The complaint did not name Commercial Coin as a defendant or identify its leasehold interest as one to be terminated by the proceedings. *Id.* at 436-37. The mortgagee served by publication "all nonrecord claimants and unknown owners." *Id.* at 437. In support of service by publication, the mortgagee's attorney filed an affidavit averring that, " 'on information and belief [the nonrecord claimants and unknown owners] cannot be found so that process cannot be served upon defendant [*sic*].' " *Id.* The affidavit further stated that "the places of residence of the nonrecord claimants and unknown owners 'cannot be ascertained and his [*sic*] last known place of residence is unknown.' " *Id.* In April 1992, the mortgagee received a consent judgment that vested it with absolute title to the property. *Id.* at 436.

¶ 24     In December 1992, the mortgagee informed Commercial Coin that its lease was deemed void and demanded possession. *Id.* at 437. Commercial Coin refused the demand, and the mortgagee filed an action under the Act. *Id.* Commercial Coin moved for summary judgment, contending that, because it had been given no actual notice of the foreclosure proceeding, it was not bound by the foreclosure judgment even though its lease had been subordinate to the mortgage. *Id.* at 437-38. The trial court granted Commercial Coin's motion. *Id.* at 438.

¶ 25     The appellate court affirmed the judgment. *Id.* at 445. As pertinent here, the court relied on provisions of the Foreclosure Law in concluding that Commercial Coin had not been properly served in the foreclosure proceeding. Specifically, the court held that an unknown tenant in possession is an "unknown owner" under section 15-1501(c) of the Foreclosure Law (735 ILCS

5/15-1501(c) (West 1992)) and, thus, may be a joined as a party to a foreclosure action, under the joinder criteria in section 2-413 of the Code of Civil Procedure (735 ILCS 5/2-413 (West 1992)). *Applegate Apartments*, 276 Ill. App. 3d at 440. At the time, section 2-413 provided that, to join an "unknown owner" as a party, the plaintiff needed to file an affidavit stating that the party's name was unknown. 735 ILCS 5/2-413 (West 1992). The plaintiff could then resort to service by publication. *Id.*; see also *Applegate Apartments*, 276 Ill. App. 3d at 440. Moreover, the court noted that Illinois courts had "repeatedly held that persons seeking a judgment against unknown owners must make an honest attempt to see that interested parties have notice of proceedings involving their property rights." *Applegate Apartments*, 276 Ill. App. 3d at 440. The court concluded that service by publication was not valid as to Commercial Coin, because the mortgagee failed to first make an honest attempt to ascertain Commercial Coin's identity. *Id.*

¶ 26    Petitioner attempts to equate his situation with that of Commercial Coin in *Applegate Apartments*. The attempt fails. The Foreclosure Law has no application to this case, and petitioner was not served by publication. Instead, the Act applies, and petitioner was served in accordance with the Act. There was simply no statutory requirement that plaintiff ascertain petitioner's identity—or make a diligent effort to do so—to properly serve petitioner by "personally delivering a copy of the summons and complaint naming 'unknown occupants' to the tenant [Pavlov]." 735 ILCS 5/9-107.5(a) (West 2018). Also, petitioner's assertion that the summons was defective because it used the term "*all* unknown occupants" (emphasis added) instead of simply "unknown occupants" is patently frivolous, as the terms are practically identical.

¶ 27                          III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 29    Affirmed.