# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Dougherty*, 2017 IL App (1st) 161893

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DANIEL DOUGHERTY, Petitioner-Appellant, and MEGAN DOUGHERTY, Respondent-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-16-1893 |
| Filed | February 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-D-530078; the Hon. Patrick T. Murphy, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Arthur J. Data III, of Law Office of Arthur J. Data III, P.C., of Palos Hills, for appellant.<br><br>Michael G. DiDomenico, of Take Toback, of Chicago, for appellee. |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion.<br>Presiding Justice Ellis and Justice Howse concurred in the judgment and opinion. |

# OPINION

¶ 1    Petitioner Daniel Dougherty filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(5) (eff. Mar. 8, 2016), asking this court for the interlocutory review of the trial court's temporary orders setting child support and maintenance. This court granted petitioner's leave to appeal on August 23, 2016. On August 31, 2016, respondent Megan Dougherty filed a motion to reconsider our order granting the petition for leave to appeal and/or to dismiss for lack of jurisdiction. We took respondent's motion with the case.

¶ 2    Petitioner and respondent were married in December 2004. Five minor children were born during the marriage. Petitioner moved out of the marital residence in December 2015. By agreement of the parties, respondent has possession of the marital residence, and the minor children live with respondent at the marital residence.

¶ 3    Petitioner did not file a brief on appeal within the deadline set in the case, but rather stood on his petition for leave to appeal as his brief. In his petition, petitioner asserted two grounds for appeal: (1) the trial court abused its discretion in deviating from the child support guidelines by awarding respondent 57.2% of petitioner's net income for child support without a compelling reason to support the deviation and (2) the trial court abused its discretion by awarding maintenance to respondent in the amount of $250. Petitioner has not raised any issues relating to the custody of the minor children.

¶ 4    Respondent maintains that this court lacks jurisdiction to review petitioner's claims involving temporary child support and maintenance orders under Rule 306(a)(5). While we initially granted petitioner's petition for leave to appeal, we have a duty to consider our jurisdiction. See *Trutin v. Adam*, 2016 IL App (1st) 142853, ¶ 21. "This court has an obligation to consider its jurisdiction at any time and should dismiss an appeal if jurisdiction is lacking." *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1035 (1999). "It is well established that except as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005).

¶ 5    The determinative question before us is whether the phrase "orders affecting the care and custody" refers only to orders relating to the custody of minor children. Petitioner contends that "care" can be interpreted to include support orders. We disagree with petitioner, and for the reasons that follow, hold that "care and custody" relates only to orders involving the custodial placement of minor children. Since the orders at issue involve temporary orders for child support and maintenance, this court lacks jurisdiction to review the nonfinal orders unless the orders fall under Rule 306(a)(5).

¶ 6    Rule 306(a)(5) provides, in relevant part:

> "(a) Orders Appealable by Petition. A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:
>
> * * *
>
> (5) from interlocutory orders affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules ***." Ill. S. Ct. R. 306(a)(5) (eff. Mar. 8, 2016).

¶ 7     Supreme court rules are not " 'mere suggestions.' " *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010) (quoting *People v. Houston*, 226 Ill. 2d 135, 152 (2007)). The rules "have the force of law and are to be construed in the same manner as statutes." *Id.* "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning." *In re Marriage of Turk*, 2014 IL 116730, ¶ 15.

¶ 8     It is undisputed that Rule 306(a)(5) "is the vehicle by which to seek review of interlocutory child custody orders." *Kostusik*, 361 Ill. App. 3d at 109. The question here is whether temporary support and maintenance orders also fall under Rule 306(a)(5), whether such orders are within the meaning of "interlocutory orders affecting the care and custody of or the allocation of parental responsibilities." Respondent contends that the language of Rule 306(a)(5) does not include temporary child support and maintenance orders, as the supreme court would have included the relevant language indicating as such. Petitioner maintains that issues of support, custody, and maintenance are "irrevocably intertwined" because the temporary child support orders here concern the care of the child, as does maintenance because it affects the financial circumstances of the custodial parent.

¶ 9     We note the Illinois Supreme Court has long held that " 'The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person.' " *Gill v. Gill*, 56 Ill. 2d 139, 143-44 (1973) (quoting *Kelley v. Kelley*, 317 Ill. 104, 110 (1925)). In *Gill*, the supreme court reviewed an order granting support to the custodial mother retroactive for the years the child was a minor. In affirming the trial court, the supreme court recognized that "when a divorce decree provides for the custody of a child but is silent as to the question of child support, a mother may maintain an action against her former husband for moneys expended by her after the decree to support the child." *Id.* at 144. While the issue before the court in *Gill* does not relate to the question before us, the use of language, specifically the phrase "care and custody," as separate from support is relevant to our analysis.

¶ 10    Additionally, we point out that the committee comment to the March 2016 amendment provided:

> "The Illinois Marriage and Dissolution of Marriage Act, Pub. Act 99-90 (eff. Jan. 1, 2016) (amending 750 ILCS 5/101 *et seq.*), has changed the terms 'Custody,' 'Visitation' (as to parents) and 'Removal' to 'Allocation of Parental Responsibilities,' 'Parenting Time' and 'Relocation.' These rules are being amended to reflect those changes. The rules utilize both 'custody' and 'allocation of parental responsibilities' in recognition that some legislative enactments covered by the rules utilize the term 'custody' while the Illinois Marriage and Dissolution of Marriage Act and the Illinois Parentage Act of 2015 utilize the term 'allocation of parental responsibilities.' The Special Committee has attempted to adhere to the usage found in the applicable legislative enactments." Ill. S. Ct. R. 306, Committee Comment (Mar. 8, 2016).

¶ 11    This comment explained that the coordination of the language used to be more uniform across the supreme court rules and corresponding statutory text, but specifically focused on the term "custody." The comment did not suggest that Rule 306(a)(5) extended beyond the custody of minors, namely into temporary orders on child support and maintenance.

¶ 12    Further, pursuant to Rule 306(b)(5), once a petition for leave to appeal under the rule has been granted "proceedings shall then be subject to the expedited procedures set forth in Rule 311(a)." Ill. S. Ct. R. 306(b)(5) (eff. Mar. 8, 2016). Rule 311(a) details the mandatory accelerated docket for "Mandatory Accelerated Disposition of Child Custody or Allocation of Parental Responsibilities Appeals." Ill. S. Ct. R. 311(a) (eff. Mar. 8, 2016). Rule 311(a) states:

> "The expedited procedures in this subpart shall apply to appeals from final orders in child custody or allocation of parental responsibilities cases and to interlocutory appeals in child custody or allocation of parental responsibilities cases from which leave to appeal has been granted pursuant to Rule 306(a)(5). If the appeal is taken from a judgment or order affecting *other matters*, such as *support*, property issues or decisions affecting the rights of persons other than the child, the reviewing court *may* handle all pending issues using the expedited procedures in this rule, unless doing so will delay decision on the child custody or allocation of parental responsibilities appeal." (Emphases added.) Ill. S. Ct. R. 311(a) (eff. Mar. 8, 2016).

¶ 13    The language of Rule 311(a) helps to clarify the matters properly raised in an interlocutory appeal under Rule 306(a)(5), specifically, "child custody or allocation of parental responsibilities." Under Rule 311(a), an expedited interlocutory appeal under Rule 306(a)(5) must involve an issue relating to child custody. The rule further provides that "other matters," including support, may be considered along with custody issues by the reviewing court, so long as the other matters do not delay a ruling on custody. We also note that the subsections of Rule 311(a) consistently refer to an "appeal involving child custody or allocation of parental responsibilities."

¶ 14    Additionally, a committee comment for Rule 311(a) offers additional guidance.

> "Paragraph (a) was originally enacted as Rule 306A in 2004 to expedite the resolution of appeals affecting the care and custody of children. In 2010, Rule 306A was moved to paragraph (a) of this rule. The amendment was also intended to clarify that the rule addresses only the procedures to be followed in order to expedite disposition of child custody appeals. Importantly, this rule does not confer any new appeal rights or affect finality for purposes of appellate jurisdiction. The appealability of any order affecting child custody is governed principally by Rules 301, 304, 303, and 306. The expedited procedures set forth in paragraph (a) apply to all child custody appeals, whether they have been taken from final orders appealable as of right or interlocutory orders from which the court has granted leave to appeal. The goal of paragraph (a) remains to promote stability for not only abused and neglected children, but also children whose custody is an issue in dissolution of marriage, adoption, and other proceedings, by mandating swifter disposition of these appeals." Ill. S. Ct. R. 311, Committee Comments (Feb. 26, 2010).

¶ 15    "Under the doctrine of *in pari materia*, two legislative acts that address the same subject are considered with reference to one another, so that they may be given harmonious effect." *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 24. "The doctrine is consistent with our acknowledgment that one of the fundamental principles of statutory construction is to view all of the provisions of a statute as a whole." *Id.* Since we are to interpret supreme court rules the same as statutes, the doctrine of *in pari materia* is relevant when reviewing these rules governing expedited interlocutory appeals. The comment in Rule 311 further clarifies the intent and operation of both Rule 306(a)(5) and Rule 311(a). These

rules relate to expedited interlocutory appeals involving custody or the allocation of parental responsibilities. Significantly, neither rule, nor any comment suggests that a temporary support or maintenance order may be brought independently. We cannot read additional language into the rules in order to confer jurisdiction on this court. Petitioner has not cited any relevant authority to support his assertion that "care" permits independent interlocutory appeals relating to temporary support and maintenance orders.

¶ 16 Based on the language of Rules 306(a)(5) and 311(a), when considered together, we conclude that this court lacks jurisdiction over the instant appeal. Rule 306(a)(5) does not provide for petitions for leave to appeal from temporary support and maintenance orders. Accordingly, we dismiss petitioner's appeal for lack of jurisdiction. Since we have no jurisdiction, we do not reach the merits of petitioner's appeal.

¶ 17 Appeal dismissed.