2022 IL App (1st) 210827

THIRD DIVISION
September 21, 2022

No. 1-21-0827
_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) |
| | ) Appeal from |
| Plaintiff-Appellant, | ) the Circuit Court |
| | ) of Cook County |
| v. | ) |
| | ) 18-CH-15247 |
| ONNI CONTRACTING (CHICAGO), INC.; ONNI HUDSON | ) |
| LLC; HOUSTON CASUALTY COMPANY; USA HOIST | ) Honorable |
| COMPANY, INC.; and ALLIED WORLD ASSURANCE | ) Michael T. Mullen, |
| COMPANY (U.S.), INC., | ) Judge Presiding |
| | ) |
| Defendants-Appellees. | |

PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Gordon and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from a declaratory judgment action filed by Navigators Specialty

Insurance Company, (Navigators) against Onni Contracting (Chicago) Inc., and Onni Hudson LLC

(collectively, Onni), as well as two of Onni's insurers, Houston Casualty Company (Houston

Casualty) and Allied World Assurance Company (U.S.), Inc. (Allied World).

¶ 2    The record shows that USA Hoist Company, Inc. (USA Hoist), entered into a subcontract

with Onni in connection with a construction project. Steven Szilva, a USA Hoist employee, was

injured during that project, and Szilva filed a separate lawsuit against Onni and others (Szilva v.

Onni Contracting (Chicago), Inc., No. 16-L-9688 (Cir. Ct. Cook County)) (the Szilva lawsuit).

Thereafter, Navigators brought this action, seeking declarations that Onni was not an "Additional Insured" under the commercial general liability policy that Navigators had issued to USA Hoist (the Navigators policy) and that Navigators had no duty to defend or indemnify Onni in connection with the Szilva lawsuit. Onni counterclaimed seeking a declaration that Onni did qualify as an additional insured and was entitled to coverage under the Navigators policy. Houston Casualty stipulated with Navigators to stay the case between them, that Houston Casualty would remain a defendant in the case, and that final judgment would be entered for or against Houston Casualty consistent with the trial court's findings of facts and conclusions of law. USA Hoist intervened, filing its own two-count counterclaim for declaratory judgment seeking declarations that Onni was an additional insured on the Navigators policy and that Navigators had a duty to defend and indemnify Onni in the Szilva lawsuit.

¶ 3     Thereafter, Navigators amended its complaint to add USA Hoist as a defendant, again seeking declarations that Navigators had no duty to defend or indemnify Onni in connection with the Szilva lawsuit. USA Hoist and Onni answered and filed updated two-count counterclaims, again seeking declarations that Navigators has a duty to defend and indemnify Onni.

¶ 4     The parties cross-moved for summary judgment, and on June 23, 2021, the trial court granted Allied World's, Onni's, and USA Hoist's summary judgment motions and denied Navigators' motion. The trial court concluded that Navigators was "obligated to defend" Onni as an additional insured under the Navigators policy in connection with the Szilva lawsuit. The court noted that it was "mak[ing] no decision relative to indemnification as that issue is not ripe for decision." The court further stated that the order was "final and enforceable as of the date of the hearing and ruling in this matter, June 17, 2021, and disposes of these proceedings."

¶ 5 Navigators appealed from the June 23, 2021, order and filed an opening appellant's brief on February 9, 2022. Thereafter, on February 17, 2022, Allied World moved to dismiss the appeal for lack of appellate jurisdiction, contending that the June 23, 2021, order was nonappealable because it did not dispose of all claims against all parties and the order lacked a finding that there was no just reason to delay appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016)). Another panel of this court denied Allied World's motion to dismiss on March 14, 2022. Then, on April 13, 2022, the trial court held a status hearing and issued an order "advising the parties that it did not certify its prior [June 23, 2021,] decision pursuant to [Rule 304(a)] as no parties had requested same."

¶ 6 In this appeal, Navigators asserts that the trial court erred in denying its motion for summary judgment and granting Allied World's, Onni's, and USA Hoist's summary judgment motions. In response, Allied World initially renews its contention that this court lacks jurisdiction to consider this appeal.

¶ 7 Although Allied World's earlier motion to dismiss was denied by another panel of this court, that ruling is nonbinding and subject to reconsideration. See *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 705 (2007); *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348 (2009) ("A motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before the disposition of the appeal."). Moreover, even if Allied World had never raised the question of jurisdiction, a panel hearing an appeal has an independent duty to confirm its jurisdiction. *Gagliardo*, 391 Ill. App. 3d at 348-49.

¶ 8 At the outset, Navigators contends that Allied World "waived any arguments regarding deficiencies in the trial court's order" because it waited until after Navigators filed an opening

appellate brief to raise the jurisdictional issue. However, as stated above, it is our duty to determine whether we have jurisdiction, regardless of whether the parties raise the issue. *Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 36. Accordingly, a party cannot waive review of a challenge to this court's jurisdiction to consider an appeal. See *Nwaokocha v. Illinois Department of Financial & Professional Regulation*, 2018 IL App (1st) 162614, ¶ 43 ("appellate jurisdiction may not be conferred by *laches*, consent, waiver, or estoppel").

¶ 9 Generally, we have jurisdiction to hear appeals from final orders that dispose of every claim, which means, any right, liability, or matter that has been raised in an action. *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 19; *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20. Rule 304(a) provides one exception to the general rule that our jurisdiction is limited to appeals from final orders that dispose of every claim that has been raised in an action. *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 10. That rule provides that in an action involving multiple parties or multiple claims for relief, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims, but only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 10 Here, Navigators asserts that this court has jurisdiction to consider this appeal pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017), as an appeal from a final judgment. It contends that "the judgment was clearly final because the court expressly stated on the record that it was final." It points to the language in the order stating that the order was "final and enforceable as of the date of the hearing and ruling in this matter, June 17, 2021, and disposes of these proceedings." Navigators acknowledges that the order does not contain Rule 304(a) language, but asserts that the

court "indisputably issued a final judgment, and thus there was no need for it to issue Rule 304(a) language."

¶ 11     Initially, we note that the beliefs of the court or parties as to the finality or appealability of an order is not conclusive (*Nwaokocha*, 2018 IL App (1st) 162614, ¶ 43), and "the fact that an order contains language stating that it is final and appealable does not make an otherwise nonfinal order either final or appealable" (*Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 539 (1999)). Instead, "in determining whether an order is final, one should look to its substance and effect rather than to its form." *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 350 (2002).

¶ 12     Moreover, the question is not only whether the judgment was "final," but whether it was also "appealable." A judgment is "final" if it disposes of the rights of the parties, either on the entire case or some definite, separate part of the action. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997); *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12. However, where a final judgment relates to fewer than all of the parties or claims involved in an action, that judgment is not appealable unless the trial court includes the requisite Rule 304(a) language. See *Dubina*, 178 Ill. 2d at 502-03 ("[w]ithout a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable").

¶ 13     Here, the order from which Navigators appeals did not resolve all claims against all parties because it expressly stated that the issue of indemnity under the Navigators policy was not yet ripe and remained pending. Additionally, the order was silent as to the claims against Houston Casualty. As Navigators concedes, however, the order contains no finding pursuant to Rule 304(a) that there is no just reason to delay appeal. Moreover, as the trial court clarified in its April 13,

2022, order, the parties had not requested that it include such language, and it did not do so. Indeed, the language contained in the order would not qualify as a Rule 304(a) finding, as it contained no reference to the appealability of the order, as required. See *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 551 (1992) ("we hold that where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability").

¶ 14    In support of its claim that the order entering judgment on the duty to defend, but not the duty to indemnify, is a final appealable order, Navigators cites *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 72 (2000), and *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755 (2005). The problem, however, is that, in both those cases, the trial court included the requisite Rule 304(a) language in the order, and the appellate court's jurisdiction was conferred by Rule 304(a).

¶ 15    Specifically, in *Fremont Casualty Insurance Co.*, 317 Ill. App. 3d at 72, the court held that an order "disposing of the parties' right with respect to [the] duty to defend, but reserving judgment regarding [the] duty to indemnify, is a final determination *with respect to a definite and separate portion of the litigation*." (Emphasis added). Accordingly, because the court included Rule 304(a) language, the appellate court had jurisdiction over the appeal. Similarly, in *Steadfast Insurance Co.*, 359 Ill. App. 3d at 753-55, the court found that, where the trial court had included "the requisite Rule 304(a) finding," an order including a "final determination with respect to the duty to defend claim," but reserving judgment on the duty to indemnify, conferred appellate jurisdiction "*pursuant to Rule 304(a)*." (Emphasis added.)

¶ 16    Accordingly, and as these cases make clear, a "final determination with respect to the duty to defend claim" would be appealable if the court made Rule 304(a) findings that there was no just reason to delay the appeal of those judgments. *Steadfast Insurance Co.*, 359 Ill. App. 3d at 755; see also *Fremont Casualty Insurance Co.*, 317 Ill. App. 3d at 72. While the court's judgment on the issue of the duty to defend was final, it is not appealable where, as here, the court did not enter Rule 304(a) findings as to the judgment. *Steadfast Insurance Co.*, 359 Ill. App. 3d at 755; *Fremont Casualty Insurance Co.*, 317 Ill. App. 3d at 72; see also *Holt v. City of Chicago*, 2022 IL App (1st) 200950-U, ¶¶ 5, 6 (finding we lacked jurisdiction over appeal, as one count remained pending in circuit court, and no Rule 304(a) findings were made).

¶ 17    Accordingly, since a final and appealable order has not been presented for disposition by this court, the appeal must be dismissed.

¶ 18    Appeal dismissed.

---

*Navigators Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*,
**2022 IL App (1st) 210827**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CH-15247; the Hon. Michael T. Mullen, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | R. Delacy Peters Jr., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | James W. Ozog, of Goldberg Segalla LLP, of Chicago, for appellees Onni Contracting (Chicago), Inc., and Onni Hudson LLC. |
| | Robert J. Bates Jr. and John A. Husmann, of BatesCarey LLP, of Chicago, for appellee Houston Casualty Company. |
| | Christopher E. Kentra and Blake A. Roter, of Burke, Warren, MacKay & Serritella, P.C., of Chicago, for appellee USA Hoist Company, Inc. |
| | Ian A. Cooper, Lauren N. Keilin, and Mark J. Sobczak, of Nicolaides Fink Thorpe Michaelides Sullivan LLP, of Chicago, for appellee Allied World Assurance Company (U.S.), Inc. |

---