2023 IL App (1st) 220019-U

No. 1-22-0019

Order filed March 17, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M 56048 |
| | ) | |
| CHANEL A. GRAY, | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LYLE delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: We dismiss defendant's appeal where she has failed to establish that we have jurisdiction by failing to provide a copy of the judgment appealed from or a report of proceedings or acceptable substitute.

¶ 2    Defendant Chanel A. Gray appeals *pro se* from a judgment purportedly entered against her on December 13, 2021.[1] As she has failed to provide a copy of the judgment or a transcript of proceedings from that date or acceptable substitute, Ms. Gray has failed to establish that we have jurisdiction over her appeal. Accordingly, we dismiss the appeal.

---

[1] According to the circuit court case summary in the record, the Honorable Mary Kathleen McHugh presided over the proceedings on December 13, 2021, while the Honorable Kathleen Marie Burke presided over the other proceedings.

¶ 3    The record on appeal consists solely of the common law record. It shows that, on December 15, 2020, plaintiff J.P. Morgan Chase Bank, N.A., (Chase) filed a complaint against Ms. Gray for breach of contract and "account stated" seeking to recover $13,113.57 Ms. Gray owed on an unpaid charge account or a line of credit. Chase attached a "Credit Card Collection Action Affidavit" and other documents supporting its claim.

¶ 4    Ms. Gray acted *pro se* throughout the proceedings. On February 16, 2021, she filed an answer to Chase's complaint. Citing numerous federal statutes in support of her arguments, Ms. Gray alleged *inter alia*: the law firm representing Chase illegally subrogated itself into the contract and obtained her personal information; Chase had harassed her through repeated phone calls to her and others about her alleged debt; and Chase's complaint unlawfully stated it was an attempt to collect a debt by a debt collector. She refused to pay the alleged debt "as a federally protected consumer." Ms. Gray also filed a "Cease and Desist" demanding Chase zero-out her balance, delete her debt from consumer reports, and compensate her for its violations of federal law. She attached an invoice billing Chase $7,577.50 for seven violations of her federally protected consumer rights.

¶ 5    On July 22, 2021, Ms. Gray moved to amend her answer, noting that Chase's counsel and the court suggested she do so "as a courtesy" due to her "incomplete response." The record on appeal does not contain an amended answer.

¶ 6    On September 30, 2021, Ms. Gray filed a motion to dismiss Chase's complaint, supported by an "Affidavit of Truth." In the affidavit, she averred, *inter alia*: Chase failed to validate the existence of her debt or produce the contract she allegedly breached; Chase lacked standing to sue her; her identity had been stolen and used to submit a credit application in her name; Chase illegally

supplied her personal information to the law firm representing it; Chase and the law firm violated several federal statutes relating to debt-collection practices; and Chase had inflated the amount she allegedly owed. Ms. Gray attached exhibits purporting to support her arguments and an invoice billing Chase $47,630 for 44 violations of her federally protected consumer rights.

¶ 7    The record on appeal does not contain any indication regarding whether, when, or how the court resolved Ms. Gray's "Cease and Desist" filing, her motion to dismiss, or Chase's complaint. The circuit court's case summary and several trial call orders show that the cause was set for "Trial Call" on November 1, 2021, and the "[t]rial" was continued on that date to December 13, 2021. The docket entry for December 13, 2021, shows that the case was set on the trial call. Then, on January 3, 2022, Ms. Gray filed a notice of appeal requesting this court reverse the trial court's "judgment" of December 13, 2021, and "honor [her] 'cease and desist' remedies."

¶ 8    On November 21, 2022, this court entered an order taking the case for consideration on the record and Ms. Gray's brief only, as Chase failed to file a response brief within the time prescribed. See Ill. S. Ct. R. 343(a) (eff. July 1, 2008) (appellee has 35 days from the due date of the appellant's brief to file a response brief); see also *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 130-33 (1976) (setting forth principles for the disposition of appeals where appellees have not filed a brief).

¶ 9    In Ms. Gray's brief, she describes the nature of the action as review of a judgment by the trial court in favor of Chase "stating that the defendant did not have proper paperwork to support the defense." As the basis for this court's jurisdiction over the December 13, 2021, judgment, Ms. Gray cites Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which permits appeals from interlocutory orders concerning injunctive relief.

¶ 10    Ms. Gray argues that Chase violated her consumer rights and implemented unfair debt practices by suing for a debt that Chase has not validated and for a breach of a contract that Chase failed to prove existed. She maintains that the trial court disregarded her allegation that her identity had been stolen. Ms. Gray requests "the trial court's order for judgment" be reversed, "the case be dismissed with prejudice," and Chase complete the invoice she submitted with her motion to dismiss. She also requests compensation for her legal costs and for "physical and emotional distress, including injunctive relief, interests on the judgment sum, and interests on the cost awarded by the court."

¶ 11    However, prior to proceeding in a cause of action, we must be certain of our jurisdiction. *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). We find the record is inadequate to establish our jurisdiction here and we must dismiss Ms. Gray's appeal.

¶ 12    This court has an independent duty to consider our jurisdiction and dismiss an appeal if we lack jurisdiction. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. With some exceptions, we generally have jurisdiction only over appeals from final orders disposing of every right, liability, or matter raised in an action. *Navigators Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 9. See also Ill. S. Ct. R. 307 (eff. Nov. 1, 2017) (granting right to appeal certain interlocutory orders). It is the appellant's burden to establish jurisdiction. *Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 13    Ms. Gray purports to appeal from a judgment entered on December 13, 2021. As the basis for this court's jurisdiction, she cites Rule 307(a)(1) (eff. Nov. 1, 2017), which permits appeals from interlocutory orders granting, modifying, refusing, dissolving, or refusing to dissolve or

modify an injunction. However, Ms. Gray has not met her burden to establish this court's jurisdiction.

¶ 14    Ms. Gray has failed to include in the record on appeal any order entered on December 13, 2021. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (the record on appeal shall include the judgment being appealed). Further, although the common law record shows a "Trial Call" hearing was held on December 13, 2021, Ms. Gray has not submitted a report of proceedings or a suitable substitute such as a bystander's report or agreed statement of facts (Ill. S. Ct. R. 323(a), (c), (d) (eff. Jul. 1, 2017)) of that hearing or of any hearing in this case. We recognize that Ms. Gray is proceeding *pro se*, however, "[a]n appellant's *pro se* status does not alleviate the duty to comply with our supreme court's rules governing appellate procedure." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 (citing *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001); *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)).

¶ 15    "We cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction." *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). Without a copy of the challenged December 13, 2021, judgment or a transcript of the proceedings on that date, this court cannot determine what order, if any, the trial court entered on that date; let alone whether the order was a final judgment or the type of interlocutory order that we may review. Consequently, due to the deficiencies in the record, we are unable to determine whether we have jurisdiction to review the order from which Ms. Gray appeals and must dismiss her appeal. See *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶¶ 3-4 (dismissing appeal where record was insufficient for this court to determine jurisdiction). See also *Fricke v. Jones*, 2021 IL App (5th) 200044, ¶ 44 (dismissing portion of appeal relating to judgment absent from the record); *Best Coin-Op, Inc. v.*

*Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal for failure to include judgment in record on appeal in violation of Rule 321).

¶ 16    For the foregoing reasons, we dismiss the appeal.

¶ 17    Appeal dismissed.