2023 IL App (1st) 221433-U

THIRD DIVISION
May 10, 2023

No. 1-22-1433

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| MAYNE GATE CREEK, LLC, and LANN LOGISTICS, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 21 L 8523 |
| HG RECOVERY FUND I, LLC, and BRIAN DUGGAN, | ) ) ) | Honorable Michael F. Otto, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice McBride and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissing appeal for lack of jurisdiction where the challenged circuit court order was not appealable.

¶ 2    Mayne Gate Creek, LLC (Mayne Gate) and Lann Logistics, LLC (Lann) filed a complaint for fraud and conspiracy in the circuit court of Cook County against HG Recovery Fund I, LLC (HG Recovery) and Brian Duggan (Duggan).  The complaint alleged that HG Recovery and Duggan engaged in improprieties in connection with a foreclosure action.  The circuit court dismissed the complaint with prejudice, finding that the complaint was barred by the doctrine of *res judicata* based on a final order in the foreclosure action.  Mayne Gate and Lann

filed this appeal, challenging the dismissal of their complaint. For the reasons discussed below, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4                      *The Commencement of the Foreclosure Action*

¶ 5      Mayne Gate was the legal owner of two adjacent townhouses located at 3201 Nottingham Court (3201 Nottingham) and 3207 Nottingham Court (3207 Nottingham), as well as approximately 33 vacant lots located at 3133 and 3303 Nottingham Court (vacant lots) in Olympia Fields, Illinois. RFLF 2, LLC – Mayne Gate's secured lender – filed a verified complaint for foreclosure against Mayne Gate and other defendants in the circuit court of Cook County (case number 15 CH 7244) in May 2015. RFLF 2, LLC subsequently assigned its interest in the loan documents to HG Recovery, which was substituted as the plaintiff in the foreclosure action. After Mayne Gate transferred its interest in the vacant lots to Lann by quitclaim deed, HG Recovery amended the foreclosure complaint to add Lann as a defendant.

¶ 6      On August 3, 2017, the circuit court entered a judgment of foreclosure and sale.[1] The judgment amount was $529,598, including attorney fees. The vacant lots and 3201 Nottingham were scheduled for a sheriff's sale on September 21, 2017. In response to Mayne Gate's request, HG Recovery – through its attorney Caren Lederer (Lederer) – agreed to continue the sheriff's sale for two weeks. On September 27, 2017, 3207 Nottingham was sold through a private sale for $225,000; HG Recovery received approximately $189,000 in proceeds.

¶ 7      Despite Lederer's representation regarding the two-week postponement, the sheriff's sale went forward as to 3201 Nottingham on September 21, 2017, allegedly without the knowledge of

---

[1] While Mayne Gate and Lann have represented that the foreclosure judgment pertained to 3201 Nottingham, 3207 Nottingham, and the vacant lots, the judgment did not refer to 3207 Nottingham.

Mayne Gate or Lann. HG Recovery was the sole bidder, with a credit bid of $50,000. On September 27, 2017, HG Recovery filed a motion to approve and confirm the sheriff's sale of 3201 Nottingham. The sale was confirmed by an order entered on November 7, 2017.

¶ 8    On November 6, 2017, the sheriff's sale took place with respect to the vacant lots, allegedly without the knowledge of Mayne Gate or Lann. HG Recovery was (again) the sole bidder, with a credit bid of $100,000. On November 15, 2017, HG Recovery filed a motion to confirm the sheriff's sale of the vacant lots. The record suggests that Mayne Gate and Lann filed a response in opposition to HG Recovery's motion to confirm, but such response does not appear to be included in the record on appeal.

¶ 9    In December 2017, Mayne Gate, Lann, and another defendant in the foreclosure action filed a motion to vacate the confirmation of the sale order entered on November 7, 2017, and to set aside the sheriff's sale conducted on September 21, 2017. The movants argued that there was no proper notice of the sheriff's sale, given attorney Lederer's agreement to a postponement. The movants also contended that the terms of the sale of 3201 Nottingham were unconscionable, as the "identical" townhouse (3207 Nottingham) was under contract for $225,000, and thus HG Recovery's bid of $50,000 created an artificially large deficiency judgment. The movants further asserted that the sale was fraudulently conducted, *e.g.*, they were induced into not pursuing bankruptcy or other relief to protect their interests based on HG Recovery's representation through counsel that the sale would not proceed. Finally, the movants challenged the comparative market analysis submitted by Duggan. Duggan, who is a licensed real estate broker, is the manager of HG Advisors LLC, which is the manager of HG Recovery.

¶ 10    In an order entered on February 16, 2018, the circuit court (a) granted the motion to vacate the sale of 3201 Nottingham and (b) denied HG Recovery's motion to confirm the sale of

the vacant lots "for the reasons stated from the bench." The record on appeal does not include a transcript or other report of the proceedings.

¶ 11                    *The Commencement of the Fraud Action*

¶ 12    On April 5, 2018, Mayne Gate and Lann filed a complaint for fraud and conspiracy against HG Recovery and Duggan in the circuit court of Cook County (case number 18 L 3435) (fraud action). The complaint alleged that HG Recovery went forward with the sheriff's sales of 3201 Nottingham and the vacant lots despite representing that the sales would be postponed. According to the complaint, Mayne Gate and Lann had not filed for bankruptcy based on the assurances of HG Recovery's attorney. The complaint further alleged that the sale amounts for 3201 Nottingham and the vacant lots were "unconscionably" and "outrageously" low.

¶ 13    On May 25, 2018, HG Recovery and Duggan filed a motion to dismiss the complaint pursuant to section 2-619(a)(3) and section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3), 2-615 (West 2018)). As to section 2-619(a)(3) – which provides for dismissal based on "another action pending between the same parties for the same cause" (735 ILCS 5/2-619(a)(3) (West 2018)) – the movants argued that the circuit court in the foreclosure action had already been presented with "all of the facts and circumstances" alleged in the complaint in the fraud action. According to the movants, the foreclosure court "made no findings of fraud, conspiracy or other wrongdoing whatsoever," but instead vacated the sales of 3201 Nottingham and the vacant lots and ordered that they be re-noticed "to cure any confusion over what parcel would be sold on what date." As to section 2-615 (735 ILCS 5/2-615 (West 2018)), the movants contended that there was no damage as the properties had not yet been sold and the ability of Mayne Gate and Lann to file for bankruptcy remained "unimpaired."

¶ 14    In their response to the motion to dismiss, Mayne Gate and Lann asserted that they "held

off on bankruptcy" based on the agreement to postpone the sheriff's sale and proceeded to close on the private sale of 3207 Nottingham. The net proceeds of that sale (approximately $189,000) were thus transferred to HG Recovery and Duggan instead of becoming property of a bankruptcy estate. Mayne Gate and Lann further maintained that their claims in the fraud action were not – and could not be – litigated in the foreclosure action. In their reply, HG Recovery and Duggan characterized the fraud action as "redundant" and "duplicative" of the challenges in the foreclosure action. HG Recovery also argued it would be entitled to all sale proceeds as to 3207 Nottingham, regardless of whether Mayne Gate sought bankruptcy protection.

¶ 15    In an order entered on August 21, 2018, the circuit court denied the motion to dismiss under section 2-619(a)(3) of the Code but *sua sponte* transferred the fraud case to the court's stay calendar pending the conclusion of the foreclosure action.

¶ 16        *The Continuation and Conclusion of the Foreclosure Action*

¶ 17    Prior to the imposition of the stay in the fraud action, the circuit court in the foreclosure action entered an order on June 26, 2018, wherein the circuit court *sua sponte* retroactively amended its order of February 16, 2018, to vacate the sale of the vacant lots.[2] The order further provided that the sale of 3201 Nottingham and the vacant lots could proceed on June 27, 2018.

¶ 18    Mayne Gate, Lann, and another party also filed a petition for attorney fees in the foreclosure action pursuant to section 15-1510 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1510 (West 2018)), which provides for the award of reasonable attorney fees to the defendant "who prevails in a motion, an affirmative defense or counterclaim, or in the

---

[2] In the February 16, 2018 order, the circuit court denied confirmation of the sale of the vacant lots but did not vacate the sale.

foreclosure action." The circuit court awarded $8777.06 in attorney fees on December 14, 2018.

¶ 19    Although the order is not included in the record on appeal, the circuit court apparently entered an order on October 13, 2020, which dismissed the foreclosure action with prejudice.

¶ 20                    *The Renumbered Fraud Action*

¶ 21    In 2021, the fraud action was removed from the stay docket, reassigned, and administratively renumbered (case number 21 L 8523). After HG Recovery and Duggan filed a demand for bill of particulars pursuant to section 2-607 of the Code (735 ILCS 5/2-607 (West 2020)), Mayne Gate and Lann were granted leave to file a verified first amended complaint (amended complaint).

¶ 22    In the amended complaint, Mayne Gate and Lann again asserted claims for fraud and conspiracy against HG Recovery and Duggan. Among other things, Mayne Gate and Lann alleged that 3201 Nottingham and the vacant lots sold at a sheriff's sale on June 27, 2018, for $176,001, even though their estimated combined value exceeded $900,000.[3]

¶ 23    HG Recovery and Duggan filed a combined motion to dismiss the amended complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). The movants sought dismissal under the doctrine of *res judicata* pursuant to section 2-619(a)(4) (735 ILCS 5/2-619(a)(4) (West 2020)), arguing that the claims asserted in the fraud action were already litigated and decided in the foreclosure action. HG Recovery and Duggan also contended that the amended complaint failed to plead the elements of fraud with specificity and particularity, thus warranting dismissal under section 2-615 (735 ILCS 5/2-615 (West 2020)).

¶ 24    Mayne Gate and Lann responded, in part, that HG Recovery had asserted the same

---

[3] We note that the amended complaint provided that *3207* Nottingham and the vacant lots sold on June 27, *2017*. Based on our review of the record, however, it appears that *3201* Nottingham and the vacant lots sold on June 27, *2018*.

arguments in the 2018 motion to dismiss the fraud complaint pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2018)), which the circuit court denied. Mayne Gate and Lann further contended that the fraud and conspiracy counts required different proof than the foreclosure action and that Duggan was not a party to the foreclosure action. HG Recovery and Duggan replied, in part, that the amended complaint in the fraud action arose from the same underlying facts as were previously adjudicated in the foreclosure action and that Duggan was in privity with HG Recovery.

¶ 25    Prior to the circuit court's ruling on the motion to dismiss, Mayne Gate and Lann filed a motion for leave to amend the amended complaint to add attorney Lederer as a defendant.

¶ 26    In a memorandum opinion and order entered on August 30, 2022, the circuit court granted the motion to dismiss the fraud action with prejudice. The circuit court found that the amended complaint was barred by the doctrine of *res judicata* under section 2-619(a)(4) and that the motion to dismiss under section 2-615 was moot (735 ILCS 5/2-619(a)(4), 2-615 (West 2020)). In a separate order entered on the same date, the circuit court granted Mayne Gate and Lann leave to file its second amended complaint – adding Lederer as a defendant – *instanter*.

¶ 27    Mayne Gate and Lann filed a notice of appeal from the dismissal order on September 21, 2022.

¶ 28                                        ANALYSIS

¶ 29    Mayne Gate and Lann contend on appeal that the circuit court erred in granting the motion to dismiss their amended complaint pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2020)) with prejudice. HG Recovery and Duggan argue that the trial court properly dismissed the amended complaint, as the elements of *res judicata* were satisfied.

¶ 30    As a threshold matter, we are required to consider our jurisdiction even though the parties

did not raise the issue. *Navigators Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 7. Our jurisdiction is limited to the review of appeals from final judgments unless otherwise permitted by statute or under the Illinois Supreme Court rules. *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 9. "In order to be considered final, an order must dispose of the rights of the parties, either upon the entire controversy or some definite and separate part of it." *In re Marriage of Sanchez*, 2018 IL App (1st) 171075, ¶ 21. If jurisdiction is lacking, we must dismiss the appeal. *Id*. ¶ 20.

¶ 31   Mayne Gate and Lann contend that jurisdiction is conferred upon this Court in the instant case pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017), which governs the timing of appeals from final judgments of the circuit court. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 460 (1990). The memorandum opinion and order entered on August 30, 2022, appears on its face to be a final judgment, as it fully disposes of the rights of Mayne Gate and Lann vis-à-vis HG Recovery and Duggan. *Phoenix Capital, LLC v. Tabiti*, 2016 IL App (1st) 162686, ¶ 6 (stating that a "final order or judgment requires a determination by the trial court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation"). The notice of appeal was filed within the 30-day period set forth in Rule 303(a)(1). Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 32   In a separate order also entered on August 30, 2022, however, the circuit court granted the request to amend the amended complaint to add attorney Lederer as an additional defendant. This order suggests that the relief provided in the memorandum opinion and order may not, in fact, be "final and appealable," despite the circuit court's express statement therein to the contrary. See *Navigators Specialty Insurance*, 2022 IL App (1st) 210827, ¶ 11 (noting that "the beliefs of the court or parties as to the finality or appealability of an order is not conclusive").

¶ 33    Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) "governs the timing of appeals from final orders not disposing of all matters presented to the court." *Marsh*, 138 Ill. 2d at 464. Under Rule 304(a), if a circuit court order disposes of fewer than all the claims in an action, then the court must make an express written finding that there is no just reason for delaying enforcement or appeal. *Id.* The rationale underlying the rule is that it allows appeals to be taken before the final disposition of a case where the circuit court considers an immediate appeal to be appropriate. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 544 (2011).

¶ 34    Without a Rule 304(a) finding, a final order which disposes of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved. *Marsh*, 138 Ill. 2d at 464. "Thus, prior to the resolution of all claims with respect to all parties, any order entered in a case, even if final as to any one party or claim, is not appealable unless the order contains a finding that there is no just reason to delay enforcement or appeal, in compliance with Rule 304(a)." *Sanchez*, 2018 IL App (1st) 171075, ¶ 23.

¶ 35    The circuit court herein entered an order allowing the filing of a second amended complaint adding Lederer as a defendant *instanter*. The order dismissing the amended complaint as to HG Recovery and Duggan – which is the subject of the instant appeal – was thus required to include an express finding under Rule 304(a) to render the order appealable. *Shelter Mutual Insurance Co. v. Flynn*, 2020 IL App (1st) 191123, ¶ 37. The circuit court's statement in the dismissal order that the order was "final and appealable" is insufficient for purposes of Rule 304(a). *E.g.*, *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 21 (observing that courts often use the phrase "final and appealable" in "failed attempts to make a Rule 304(a) finding"); *Palmolive Tower Condominiums*, 409 Ill. App. 3d at 544 (stating that "[a] circuit court's declaration that an order is 'final and appealable,' without reference to the justness of

delay, or even reference to immediate appealability, evinces no application of the discretion Rule 304(a) contemplates"). Without any other indication from the record that the circuit court intended to invoke Rule 304(a), its declaration that the dismissal order is final and appealable "amounts to nothing more than a non-binding interpretation." *Id*.

¶ 36   The statement of jurisdiction in the opening brief does not elucidate this matter. As the appellants, Mayne Gate and Lann have the burden of establishing appellate jurisdiction. *Shared Imaging*, 2017 IL App (1st) 152817, ¶ 19. Accord *U.S. Bank National Ass'n v. IN Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24. Illinois Supreme Court Rule 341(h)(4) (eff. Oct. 1, 2020) provides that a statement of jurisdiction must set forth the supreme court rule or other law that confers jurisdiction on the reviewing court. See *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 8 (noting that the purpose of requiring the jurisdictional statement "is not merely to tell this court that it has jurisdiction, but to provoke counsel into making an independent review of the right to appeal, before writing the brief"). Among other things, the rule requires a demonstration of "the disposition of all claims and all parties." Ill. S. Ct. R. 341(h)(4) (Oct. 1, 2020). The jurisdictional statement in the instant case fails to explain – or even mention – the order granting leave to add Lederer as a defendant. See *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30 (stating that the "supreme court rules governing the form and content of appellate briefs are not mere suggestions but, rather, are mandatory and have the force of law").

¶ 37   We note that, during oral argument before this Court, counsel to Mayne Gate and Lann referenced a separate lawsuit filed against attorney Lederer in the circuit court of Cook County. The exact nature and status of such litigation has not been fully explained to this court. See *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33 (providing that the reviewing

court is entitled to have issues clearly defined and is not a repository into which an appellant may dump the burden of research and argument). We further observe that the opening brief suggests that Lederer's involvement in the fraud action supports the denial of the application of the doctrine of *res judicata* since there was a lack of identity of the parties, *i.e.*, the brief suggests that Lederer is a party to the fraud action but was not a party to the foreclosure action. See *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 45 (setting forth the three requirements of *res judicata*: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of the parties or their privies). To the extent that Mayne Gate and Lann have intimated that the inclusion of Lederer in the fraud action helps to defeat the application of *res judicata*, such position is inconsistent with a finding of appellate jurisdiction.

¶ 38     In sum, the entry of the order on August 30, 2022, allowing the addition of Lederer as a defendant suggests that the dismissal order entered on the same date was not appealable unless the circuit court included the requisite Rule 304(a) language therein. *Navigators Specialty Insurance*, 2022 IL App (1st) 210827, ¶ 12. Although the order dismissing the complaint as to HG Recovery and Duggan provided that it was "final and appealable," such language did not satisfy the requirements of Rule 304(a). As we do not have jurisdiction, we do not reach the merits of the appeal. *E.g.*, *In re Marriage of Dougherty*, 2017 IL App (1st) 161893, ¶ 16.

¶ 39                                      CONCLUSION

¶ 40     For the reasons discussed above, the appeal is dismissed for lack of appellate jurisdiction.

¶ 41     Appeal dismissed.