2025 IL App (1st) 240870-U

THIRD DIVISION
May 14, 2025

No. 1-24-0870

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TELISA JOHNSON, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2019 L 001544 |
| | ) | |
| ABDIRAHMAN OSMAN DEER, CHICAGO MEDALLION MANAGEMENT CORP., and 5 STAR FLASH, INC, d/b/a FLASH CAB CO., | ) | Honorable John H. Ehrlich, Judge, presiding. |
| Defendants-Appellees. | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held:* Plaintiff's posttrial motion was not filed before the circuit court lost jurisdiction. As a result, the instant appeal is untimely. We dismiss for lack of jurisdiction.

¶ 2    Plaintiff Telisa Johnson brought a complaint alleging that she was injured while she was a passenger in a taxicab operated by Defendant Abdirahman Osman Deer (Deer). Different counts of the complaint alleged that Deer was an agent and employee of either of the other defendants, Chicago Medallion Management Corporation or 5 Star Flash, Inc. The complaint asserted that the three defendants were jointly and severally liable. After the jury returned a verdict in favor of the

defendants, plaintiff eventually filed a posttrial motion requesting a new trial or judgment notwithstanding the verdict. Plaintiff herein appeals the denial of that posttrial motion.

¶ 3                                    I. BACKGROUND

¶ 4      On February 13, 2019, plaintiff filed a complaint alleging that negligence on Deer's part caused her serious and permanent injuries while she was a passenger in the taxi he was operating. Separate counts of the complaint allege that the taxi in question was owned by the other two listed defendants.

¶ 5      The complaint alleged that on March 20, 2017, Deer was transporting plaintiff and three other passengers in a vehicle being utilized as a taxicab. Plaintiff alleged that while operating the vehicle with the passengers on board, Deer (1) failed to keep a "proper and sufficient lookout;" (2) failed to decrease speed to avoid collision with another vehicle; (3) drove at a speed greater than that which was reasonable and proper; (4) failed to keep the vehicle under control and alter speed or direction to avoid collision; (5) operated the vehicle too close to the vehicle in front of him; (6) failed to leave sufficient space between his vehicle and the vehicle in front of him; (7) drove at a high rate of speed with passengers in the vehicle; (8) "[d]angerously weaved in and out of traffic" and changed lanes without leaving sufficient space between his vehicle and the vehicle in front of him; (9) operated the vehicle with faulty and defective brakes; and (10) "[w]as otherwise negligent in the operation of the taxi vehicle so as to cause it to collide with the vehicle in front of him." Plaintiff claimed that she was injured as a result of one or more of the alleged negligent acts and omissions and that Deer was acting as an agent or employee of 5 Star Flash, Inc. and/or Chicago Medallion Management Corporation at the time of the injury.

¶ 6      During pretrial motions, defendants objected to plaintiff showing the front and rear-facing dashcam video of the incident to plaintiff's treating physicians during depositions without disclosing under Rule 213(f)(2) that those witnesses would be testifying about the video. Ill. S. Ct.

R. 213(f)(2) (eff. Jan. 1, 2018). After some colloquy on the matter, the trial court sustained the objection and barred the portion of the experts' testimony that concerned their observations regarding the video on the basis that there had been no disclosure that the experts would be testifying on that specific subject.

¶ 7    Testimony was heard from plaintiff, two of the other passengers in the taxi, and Deer regarding the incident itself. All of the witnesses who were in the taxi described a Chevrolet Impala coming to a stop in front of the taxi while the cars were proceeding up an onramp, but testimony varied as to how sudden that stop was, whether there was another car in front of the Impala, and even, from one of the passengers, whether the taxi actually made contact with the Impala. The fellow passengers and plaintiff also testified extensively about plaintiff's mobility and physical capabilities before the incident and how they have declined in the years since due to back pain.

¶ 8    The witnesses generally agreed that plaintiff made a noise that could connote surprise or pain when the taxi suddenly stopped. After the taxi came to a stop, the Impala left the scene and Deer called the police to report the accident. Plaintiff remained seated in the taxi until the paramedics arrived, at which time she walked to the ambulance and was seen by a paramedic and taken to Mercy Hospital. Neither the paramedics on scene nor the treating physician in the emergency room reported that she complained of back pain. While scans were taken of plaintiff's neck, no diagnostic tests were performed on her back.

¶ 9    The jury heard further testimony from those who had treated plaintiff regarding a preexisting back injury that had been addressed in 2007 and had been asymptomatic since, as well as about her back pain and treatment following the incident. Testimony was also heard from two administrators regarding what was billed in relation to plaintiff's injuries allegedly caused or

exacerbated by the incident. The jury was shown the inward and outward-facing dashcam footage of the incident.

¶ 10    At the close of the plaintiff's case, she moved for a directed verdict on the matters of agency, liability, and causation, asserting in each instance that the evidence presented rendered plaintiff's claim with regard to each element irrefutable. The court denied plaintiff's motion, finding that each of the three elements still involved contested issues of fact, even if the matter of causation strongly favored plaintiff.

¶ 11    Once defendants had finished presenting their evidence, the parties worked with the judge to present and select jury instructions. Among those selected and approved by the court was an instruction labeled 16-B, which was a version of IPI Civil 20.01 modified to lay out the negligent acts alleged by plaintiff, as well as defendants' assertion that the negligent acts of the Impala's driver were the sole cause of any damages sustained. Illinois Pattern Jury Instructions, Civil, No. 20.01 (2023). Plaintiff objected to the inclusion of this jury instruction, arguing that it was unnecessary and confusing to the jury because IPI 15.01 was already provided. Illinois Pattern Jury Instructions, Civil, No. 15.01 (2023). Plaintiff argued that IPI 15.01 sufficiently informed the jury on the matter of proximate cause. Therefore the IPI 20.01 instruction, which included all the specific acts alleged by plaintiff and defendants' counterargument alleging that it was the Impala's driver who was negligent and who caused the incident, served only to confuse the jury.

¶ 12    Civil IPI 60.01 was also given, and detailed several traffic laws in effect at the time of the incident. Illinois Pattern Jury Instructions, Civil, No. 60.01. Plaintiff did not object at trial to the IPI 60.01 instruction as modified to include the relevant statutes, but did raise the matter in her posttrial motion.

¶ 13    On August 18, 2023, the jury returned a verdict in favor of defendants on all counts. On September 15, 2023, plaintiff filed a motion for extension of time to file a posttrial motion, which

the court granted on September 18, 2023 and extended plaintiff's time to file through October 10, 2023. Plaintiff was granted three further extensions. The second was filed October 10, 2023, was granted October 23, 2023, and extended plaintiff's time through November 7, 2023. The third was filed November 6, 2023, was granted November 9, 2023, and extended plaintiff's time through December 9, 2023. The last was filed December 4, 2023, was granted December 11, 2023, and extended plaintiff's time through December 12, 2023. Plaintiff filed her motion for judgment not withstanding the verdict and for a new trial on December 12, 2023. Plaintiff's motion was denied on March 20, 2024. This appeal was initiated April 19, 2024.

¶ 14                                                    II. ANALYSIS

¶ 15     Plaintiff argues on appeal that the trial court should have granted her motion for a directed verdict or, failing that, her motion for a judgment notwithstanding the verdict or a new trial on the issues of negligence, causation, and agency. Additionally, plaintiff argues 1) that the trial court erred by allowing testimony regarding plaintiff's 2007 injury because it was unrelated and was not linked to the instant case by expert testimony, 2) that the trial court erred in barring that portion of testimony from plaintiff's expert witnesses that concerned the dashcam video they were shown, 3) and that the court erred by giving two of the jury instructions ultimately provided to the jury.

¶ 16     However, we cannot react the merits of this appeal as we lack jurisdiction. No party raised the matter of jurisdiction in its briefs, but this court has "an independent duty to confirm its jurisdiction." *Navigators Specialty Insurance Company v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 7.

¶ 17     Plaintiff asserts that this court has jurisdiction under Illinois Supreme Court Rule 301, which states that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Plaintiff cites no rule regarding the timeliness of her appeal, but instead states: "On December 12, 2023, Plaintiff filed her [posttrial motion], having previously

received orders extending her deadline to file same [*sic*] which allowed her to file on that date." Plaintiff goes on to state that the motion was denied on March 20, 2024 and the instant appeal was initiated April 19, 2024.

¶ 18    Illinois Supreme Court Rule 303 governs the time during which a litigant can bring an appeal. Ill. S. Ct. R. 303 (eff. July 1, 2017). It states that an appellant has 30 days after entry of "the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id*. Plaintiff's appeal was filed within 30 days of the denial of plaintiff's postjudgment motion directed against the verdict, so the only question that remains before we can establish this court's jurisdiction is whether that motion was timely.

¶ 19    The timeliness of posttrial motions in civil jury cases is governed by section 2-1202 of the Code of Civil Procedure, which states: "(c) Post-trial motions must be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2-1202 (West 2022). The appropriate interpretation of that statutory language has been addressed by this court previously:

>   "Our court has specifically and repeatedly made clear that the language of section 2-1202(c) is plain and unambiguous—'if the trial court extends the time in which to file a posttrial motion beyond the initial 30-day period, that *order* of time extension must be *entered* within the 30-day period or within any period of extension already given. In other words, after the 30-day period has expired, or the extended period of time has expired, without entry of a new

order setting a new deadline, the trial court loses jurisdiction over the case.' " (Emphasis added.) *Manning v. City of Chicago*, 407 Ill. App. 3d 849, 851-52 (2011).

¶ 20    This court has previously "emphasized that the key to section 2-1202(c) is that the party seeking the extension of time in which to file his posttrial motion must *obtain and secure* this extension prior to the expiration of the previously extended deadline." *Id*. at 852. Given this well-established rule of procedure, we must find that we do not possess jurisdiction to hear this appeal. Plaintiff's second extension motion was filed on the last day of the previous extension, but was not granted for another 13 days. As a result, the trial court lost jurisdiction on October 11, 2023, and all orders entered thereafter are void. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 177 (1998) ("A void order or judgment is one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved."). Since the subsequent extension orders were void, the posttrial motion was not timely. In turn, because there was no timely posttrial motion filed, plaintiff's deadline to file an appeal of the trial court's judgment was September 18, 2023. As this appeal was not received until April 19, 2024, we lack jurisdiction to hear it. We therefore dismiss this appeal with prejudice.

¶ 21                                   III. CONCLUSION

¶ 22    For the above reasons, we dismiss this appeal with prejudice.

¶ 23    Dismissed.

7