2026 IL App (1st) 250672-U

No. 1-25-0672

Order filed May 21, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| 3850 W. CORTLAND, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 707215 |
| | ) | |
| AMYRIAD, INC. F/K/A AMYRIAD 707215 | ) | |
| D/B/A AMYRIAD MFG AND AMYRIAD | ) | |
| MANUFACTURING, | ) | Honorable Regina Mescall |
| | ) | Judge, Presiding. |
| Defendant-Appellant. | ) | |

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Where the trial court's orders denying defendant's request for plaintiff to refund defendant use and occupancy payments made during the receivership period and denying defendant's motion to reconsider that order were not final orders disposing of the entire case and do not contain findings pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), we do not have jurisdiction to consider the merits of this appeal and must dismiss it; appeal dismissed.

¶ 2   Defendant, Amyriad, Inc., appeals from the trial court's order finding that plaintiff, 3850 W. Cortland, LLC, had no obligation to refund defendant $12,728 in use and occupancy payments that defendant, the tenant, paid to plaintiff, the landlord, for the period during which the property at issue was managed by a receiver. On appeal, defendant contends the trial court erred

because the receiver, not the landlord, was entitled to use and occupancy payments during the receivership period, as the receiver controlled any rents during the receivership period. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4        This appeal arises from a lease agreement between plaintiff, the landlord, and defendant, the tenant, for property located in a basement unit at 3850 W. Cortland Avenue in Chicago. In our prior order, we reversed the trial court's December 2022 eviction order and judgment that ordered possession of the property to plaintiff and remanded to the trial court. *3850 W. Cortland, LLC v. Amyriad, Inc.*, 2024 IL App (1st) 230132-U, ¶ 66. We repeat the facts from that order that are relevant to this appeal.

¶ 5        In 2008, defendant entered into a lease agreement for the property, and in 2015, the owner of the property sold all interest in the property to plaintiff, who became defendant's landlord. In March 2020, plaintiff filed a complaint alleging that defendant violated the lease by improperly subleasing the property without the landlord's consent. Following a trial in December 2022, the trial court found that defendant violated the lease, entered an eviction order, and ordered possession of the property to plaintiff. Thereafter, in January 2023, in a mortgage foreclosure case in the circuit court's chancery division involving the lender and plaintiff, the chancery court appointed a receiver to manage and operate the property. Defendant continued to occupy the property.

¶ 6        In August 2023, plaintiff filed with the trial court a "motion to reinstate eviction order for payment of use and occupancy for a finding of civil contempt," in which it requested the court reinstate the December 2022 eviction order and order defendant to pay plaintiff use and occupancy

payments from January 2023 through July 2023, which was the period during which the property was managed by a receiver.

¶ 7        On October 3, 2023, the trial court issued a new eviction order and directed defendant to pay plaintiff $12,728 in use and occupancy payments that accrued during the receivership period of January 2023 through August 2023. The court also ordered defendant to pay $5,993 per month in use and occupancy payments after the receivership period ended, starting September 1, 2023.

¶ 8        As previously discussed, in August 2024, we reversed the trial court's December 2022 judgment that ordered eviction and possession of the property to plaintiff. We concluded that the trial court erred in finding that defendant improperly subleased the property in violation of the lease terms. Because we reversed the court's December 2022 judgment, we vacated the trial court's October 3, 2023, order. We remanded the case to the trial court for a hearing to determine the amount defendant owed plaintiff in rent pursuant to the lease agreement as well as the amount, if any, defendant owed plaintiff in rent during the receivership period. *3850 W. Cortland, LLC*, 2024 IL App (1st) 230132-U, ¶¶ 63, 66.

¶ 9        On remand, in October 2024, defendant filed a "motion for remedies based on the appellate court order." Defendant asserted that, following the trial court's October 3, 2023, order, from September 2023 to August 2024, it paid plaintiff $5,993 per month in use and occupancy payments. According to defendant, however, under the lease, it should have only paid $1,551 per month in rent from September 2023 through June 2024, and $1,628 in rent in July and August 2024. Defendant argued, therefore, that plaintiff owed defendant approximately $53,000 in overpayments during this 12-month period.

¶ 10        Defendant also argued that, pursuant to the trial court's October 3, 2023, order, it paid plaintiff $12,728 in use and occupancy payments for the period from January 2023 to August 2023

during which the property was managed by a receiver and that plaintiff should refund defendant this amount. Defendant argued that under the Illinois Mortgage Foreclosure Law (IMFL) (735 ILCS 5/15-1704(b) (West 2024)), the receiver, not the landlord, was entitled to and had the power to collect defendant's use and occupancy payments during the receivership period. Defendant also argued that rent in arrears is not assignable and the receiver retained any right to recover any past due rent. Defendant also noted that the receiver returned to defendant two of the monthly payments it made during the receivership period.

¶ 11                          Trial Court's December 16, 2024, Order

¶ 12      Following a hearing on December 16, 2024, the trial court entered a written order concluding that (1) plaintiff must repay defendant $53,144.90 in use and occupancy overpayments and the parties must confer and attempt to negotiate a payment plan, (2) defendant had no obligation to make monthly rental payments until further order of the court, and (3) plaintiff had no obligation to refund the $12,728 that defendant paid to plaintiff for the period during which the property was in receivership.

¶ 13                          Defendant's Motion to Reconsider

¶ 14      In January 2025, defendant moved the court to reconsider its determination that plaintiff did not have an obligation to refund defendant the $12,728 in use and occupancy payments that it paid to plaintiff while the property was in receivership. Defendant explained that in the mortgage foreclosure case, a receiver "took legal assignment of all rights and obligations" for the property and managed the property from January 2023 through September 2023.

¶ 15      In a written order on March 13, 2025, the court denied defendant's motion to reconsider. In that order, the court also directed plaintiff and defendant to confer regarding plaintiff's payment of $53,144.90 that the court had previously ordered. The court stated that if the

parties failed to reach an agreement regarding that payment, then defendant would file a motion for rule to show cause before March 27, 2025, with plaintiff to file a response by April 3, 2025. The court continued the case for status to April 15, 2025.

¶ 16 This appeal followed.

¶ 17 II. ANALYSIS

¶ 18 On appeal, defendant contends that the trial court erred because it did not order plaintiff to refund the $12,728 in use and occupancy payments that, pursuant to the trial court's previous order, defendant paid to the landlord for the period during which the property was in receivership. Defendant argues that under the IMFL and the chancery court's order appointing the receiver, the receiver, not the landlord, controlled any rent receipts during the receivership period and that plaintiff, the landlord, had no legal claim to any use and occupancy payments accrued during that period. Defendant also contends that past due rent is not assignable in Illinois such that plaintiff could not later collect the monthly use and occupancy payments that accrued during the receivership period after that period ended.

¶ 19 As an appellate court, we have an independent duty to consider our own jurisdiction. *Johansson v. Glink*, 2021 IL App (1st) 210297, ¶ 35. We must ascertain our "jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). If we do not have jurisdiction, "we must dismiss the appeal." *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 23. Therefore, before we proceed to the merits of defendant's appeal, we must first determine whether we have jurisdiction.

¶ 20 "Generally, we have jurisdiction to hear appeals from final orders that dispose of every claim, which means, any right, liability, or matter that has been raised in an action." *Navigators*

*Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 9; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right."). A judgment is considered final "if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). "[W]hen an order resolves less than all the claims brought by a party, the order is not final and appealable." *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶ 12.

¶ 21 Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016) addresses appeals "from *final judgments* that do not dispose of an entire proceeding." (Emphasis in original.) *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 676 (2007). Specifically, Rule 304(a) "provides that in an action involving multiple parties or multiple claims for relief, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims, but only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." *Navigators Specialty Insurance Co.*, 2022 IL App (1st) 210827, ¶ 9 (citing Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)). As such, "where a final judgment relates to fewer than all of the parties or claims involved in an action, that judgment is not appealable unless the trial court includes the requisite Rule 304(a) language." *Id.* ¶ 12.

¶ 22 In defendant's jurisdictional statement in its brief, it states that we have jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) to review the court's December 16, 2024, and March 13, 2025, orders. However, the court's December 16, 2024, order denying defendant's request to order plaintiff to refund defendant the $12,728 in use and occupancy payments, and the court's March 13, 2025, order denying defendant's motion to reconsider that order did not resolve all matters in the case. In the court's March 13, 2025, order, denying

6

defendant's motion to reconsider, it ordered the parties to confer regarding the $53,000 payment plaintiff owed to defendant, and it provided a date by which defendant should file a rule to show cause if the parties failed to reach an agreement. The court also continued the case for status. The court's December 16, 2024, and March 13, 2025, orders are not a final judgment, as they did not "dispose of every claim, which means, any right, liability, or matter that has been raised." *Navigators Specialty Insurance Co.*, 2022 IL App (1st) 210827, ¶ 9. The court's orders also do not contain any requisite language pursuant to Rule 304(a). As such, the court's December 16, 2024, and March 13, 2025, orders are not final and appealable orders.

¶ 23    We note that under Illinois Supreme Court Rule 304(b) (eff. Mar. 8, 2016), certain judgments and orders are appealable without the finding required under Rule 304(a). In defendant's notice of appeal, it provides that we have jurisdiction under Rule 304(b)(5), which states that a Rule 304(a) finding is not required for "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty." Ill. S. Ct. R. 304(b)(5) (eff. Mar. 8, 2016). However, defendant is not appealing from a contempt order, and the other types of judgments and orders listed in Rule 304(b) that are appealable without a Rule 304(a) finding do not apply here. We therefore lack jurisdiction to consider the merits of defendant's appeal.

¶ 24    Lastly, we note that we do not know whether the trial court resolved all matters while this appeal was pending in this court. If the trial court has resolved all matters while this appeal was pending and defendant's time to appeal the final judgment has expired, defendant may revive the appeal under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017). *Sachdev v. Sachdev*, 2026 IL App (1st) 241431-U, ¶¶ 29, 30 (concluding that the appellant may "revive his premature appeal" under Rule 303(a)(2) if the time to appeal had expired while the appeal was pending). As this court has previously explained, "Rule 303(a)(2) permits a notice of appeal which has been

filed prematurely to take effect at the time the final pending claim has been resolved." *In re Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶ 29 (citing Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017)).

¶ 25                                     III. CONCLUSION

¶ 26        The appeal is dismissed for lack of jurisdiction.

¶ 27        Appeal dismissed.